**MLS**
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
MARK F. ROACH, ESQ.
Nevada Bar No. 8237
RICHARD D. YOUNG
Nevada Bar No. 011331
KOELLER, NEBEKER, CARLSON
& HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV  89101
Phone:  (702) 853-5500
Fax:   (702) 853-5599
jason.williams@knchlaw.com
mark.roach@knchlaw.com
richard.young@knchlaw.com
Attorneys for Movant,
Del Webb Communities, Inc.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO:    BK-S-09-33776 BAM |
| EXECUTIVE PLASTERING, Inc. | CHAPTER:  7 |
| Debtor | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |

Hearing Date:    June 29, 2010
Hearing Time:    1:30 p.m.
Estimated Time: 10 minutes

**COMES NOW** Del Webb Communities, Inc., (hereinafter "Del Webb") by and through its attorneys, KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and respectfully moves this Honorable Court, for an Order lifting the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d) in three lawsuits maintained in the Clark County District Court.  Del Webb seeks relief from the automatic stay so that it may proceed <u>only</u> against the available insurance

72994_1                                                                                                                              Page 1 of 1

assets of debtor Executive Plastering, Inc. (hereinafter "Debtor.") If the requested relief is granted, Del Webb would waive any claims it had against the subject bankruptcy estate.

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file and such other and further evidence as may be offered at the time of the hearing of this Motion.

DATED this 28th Day of May, 2010.

JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
MARK F. ROACH, ESQ.
Nevada Bar No. 8237
RICHARD D. YOUNG
Nevada Bar No. 011331
KOELLER, NEBEKER, CARLSON
& HALUCK, LLP
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599
Attorneys for Movant,
Del Webb Communities, Inc.

## I.     STATEMENT OF FACTS

On or about December 21, 2009, debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Nevada Bankruptcy Court case No. BK-S 09-3376 BAM. Del Webb is a creditor of Debtor and, therefore, qualifies as a party in interest in this case. Del Webb seeks to proceed against available insurance assets of Debtor in the following construction defect matters.

**A. *Del Webb Communities, Inc., v. Adams Brothers Interiors of Nevada et. al., Clark County District Court Case No.: A604438***

Between December of 2006 and August of 2008, the owners of 48 single-family homes in the Sun City Anthem development brought Notices of Construction Defect against Del Webb, pursuant to Nevada's construction defect statute, N.R.S. 40.645, alleging various

construction defects, including but not limited to defects pertaining to the stucco, drywall, windows, and floor coverings in their homes. On or about April 16, 2008 and July 29, 2008, Del Webb settled the Chapter 40 Action. Debtor was among the subcontractors whose work in the construction of the subject homes was implicated in the Notice forwarded by the homeowners. Debtor did not participate in or fund any part of the settlement despite requests from Del Webb to do so. In the interest of resolving the Chapter 40 Action, Del Webb compromised the Chapter 40 Action without a contribution from Debtor, but retained all rights to pursue Debtor and other subcontractors in a subsequent action. On December 1, 2009, Del Webb filed its Complaint naming Debtor, among other subcontractors, as Defendants in the case. Del Webb alleges causes of action and seeks damages based upon principles of express indemnity, equitable indemnity, and breach of contract. A true and correct copy of Del Webb's Complaint is attached hereto as Exhibit "A."

Debtor was served with Del Webb's Complaint on December 23, 2009. On February 10, 2010, Debtor's bankruptcy counsel filed its Suggestion of Bankruptcy Petition as an amicus curiae notice to the District Court.

Del Webb seeks recovery from Debtor for indemnification and payment of the total settlement amount in the Chapter 40 action, as detailed in Del Webb's Complaint, together with Del Webb's attorneys' fees, expenses, and costs of suit incurred in prosecuting its case against Debtor and other defendants.

**B. *Fisher et. al v. Del Webb Communities, Inc.*, Clark County District Court Case No.: A559767**

*Fisher et. al. v. Del Webb Communities, Inc.*, Clark County District Court Case No.: A559767, is the title case in a pair of consolidated construction defect cases involving homes in the Sun City Anthem Community, the other case being *Trigger et. al v. Del Webb Communities, Inc.*, Clark County District Court Case No. A587112. Plaintiffs in *Trigger* filed their Complaint April 6, 2009. That case was removed to Federal Court on May 12, 2009. Del Webb filed its Third-Party Complaint on May 18, 2009 naming Debtor, among other subcontractors, as Third-Party Defendants in the case and asserted claims for breach of

contract, express indemnity, equitable indemnity, breach of express warranty, breach of implied warranty, and contribution. Del Webb also seeks declaratory relief as to Third-Party Defendants' duties to indemnify, defend, and name Del Webb as an additional insured in their policies of general liability insurance. The case was remanded to state court on July 30, 2009. Debtor was served with the Third-Party Complaint on August 3, 2009. *Fisher* and *Trigger* were consolidated on November 11, 2009 under case number A559767. True and correct copies of the operative Complaint, Third-Party Complaint, and Summons to Debtor, are attached hereto as Exhibits "B", "C", and "D," respectively.

Del Webb seeks recovery from Debtor for indemnification and payment of the total amount of any judgment rendered against Del Webb based on the Complaint, together with Del Webb's attorneys' fees, expenses, and costs of suit incurred in prosecuting its Third-Party Complaint case against Debtor and other defendants.

### C. *Sun City Anthem Community Association v. Del Webb Communities, Inc.*, Clark County District Court Case No.: A608708

Plaintiff Sun City Anthem Community Association filed its Complaint on January 22, 2010, naming Del Webb as Defendant in a constructional defect case alleging defects in the common areas of the Sun City Anthem development. Plaintiffs assert causes of action for breach of implied warrantees, breach of express warrantees, and negligence. A true and correct copy of the Complaint is attached as Exhibit "E." Del Webb filed its Answer on March 10, 2010, and it's Third-Party Complaint on March 11, 2010, naming Debtor, among other subcontractors, as Third-Party Defendants in the case. A true and correct copy of the Third-Party Complaint is attached hereto as Exhibit "F." In its Third-Party Complaint, Del Webb asserts claims for breach of contract, express indemnity, equitable indemnity, breach of express warranty, breach of implied warranty, contribution, and declaratory relief as to Third-Party Defendants' duties to indemnify, defend, and name Del Webb as an additional insured in policies of general liability insurance. Del Webb did not serve Debtor with its Third-Party Complaint.

Del Webb seeks recovery from Debtor for indemnification and payment of the total amount of any judgment rendered against Del Webb based on the Complaint, together with Del Webb's attorneys' fees, expenses, and costs of suit incurred in prosecuting its Third-Party Complaint case against Debtor and other defendants.

### D. *Jacobsen v. Del Webb Communities, Inc.*, prelitigation matter pursuant to NRS 40.600 et. seq., for 2580 Deora Way, Henderson, Nevada

*Jacobsen* is a construction defect matter subject to the prelitigation requirements of Nevada's construction defect statute, NRS 40.600 et. seq. The matter involves a single-family home located at 2580 Deora Way, within the Sun City Anthem development in Henderson, Nevada. On November 9, 2007, Claimants sent Del Webb a Notice of Constructional Defects for the subject property. A true and correct copy of that Notice is attached hereto as Exhibit "G." Among the defects alleged by Claimants were several related to the stucco application at the property. At the time of construction of the subject property, Debtor conducted the installation of the stucco system at the subject property pursuant to a contract it entered into with Del Webb.

Pursuant to NRS 40.646, on December 4, 2007, Del Webb timely forwarded Claimants' Notice to the subcontractors whose work is implicated in the defects alleged, including Debtor. The property was inspected and Del Webb forwarded its Response to Claimants pursuant to NRS 40.6472 on February 28, 2008. Mediation of the matter was conducted on February 26, 2010, marking the completion of the prelitigation requirements of NRS 40.600 et. seq. Claimants are expected to file suit in the near future.

Del Webb seeks relief from the automatic stay in hopes of settling claims with Debtor via its carriers utilizing only proceeds from applicable insurance policies. Del Webb additionally seeks relief from the automatic stay so that when Claimants file their litigation, it may name Debtor as a Third-Party Defendant and serve Debtor with its Third-Party Complaint in order to trigger Debtor's carriers' participation in the litigation.

///

///

### E. *Debtor's Contractual Duties to Insure, Defend and Indemnify*

Del Webb's claims against Debtor in each of the above matters stem from subcontracts entered into between Del Webb and Debtor whereby Debtor agreed to provide materials and labor at the Sun City Anthem development. Pursuant to those subcontracts, Debtor agreed to obtain general liability insurance with limits of combined bodily injury and property damage of not less than $1,000,000.00 per occurrence and $2,000,000.00 aggregate. The subcontracts also provide that Debtor was to name Del Webb as an additional-insured on its general liability policies. Pursuant to the subcontracts, Debtor agreed to defend and indemnify Del Webb for all claims directly or indirectly caused by Debtor's negligent or intentional act or omission in Debtor's performance of the work described in the subcontracts between Debtor and Del Webb. An exemplar Subcontract Agreement is attached hereto as Exhibit "H." The insurance and indemnification language in all subcontracts executed between Del Webb and Debtor is substantially the same as found in Exhibit "H."

In seeking relief from the automatic stay, Del Webb seeks to pursue its claims against Debtor and recover only from the proceeds of Debtor's policies of commercial general liability insurance. In the event that such policies are exhausted, Del Webb would not seek to recover from Debtor directly, or from assets of the bankruptcy estate. Del Webb's recovery against Debtor would be limited to the available coverage under those policies, and Del Webb would waive its right to seek recovery from this Court for any further unsecured claim or deficiency judgment resulting from any of the four constructional defect matters described above. Del Webb would waive any claims against Debtor and the estate following liquidation and closure of Debtor's bankruptcy case. Del Webb would also waive its claims, if any, to any deductible or payment of any self-insured retention under the applicable policies.

## II.    RELIEF REQUESTED.

### A. Legal Standard Under 11 U.S.C § 362(d)(1)

Del Webb seeks relief from the automatic stay in order to proceed with its claims against Debtor in the above matter. Lifting the stay will allow the Debtor to participate in

those cases, and permit the District Courts to bring resolution to those cases as efficiently as possible.

Section 362(d)(1) of the Bankruptcy Code provides:

(d) On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one" as the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). *In re Smith*, 389 B.R. 902, 918 (Bkrtcy.D.Nev.2008); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established a prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. §362 (g)(2); *In re Sonnax*, 907 F.2d 1280, 1285 (2nd Cir.1990); *In re Duvar Apt.*, 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. §541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is the subject to the automatic stay. *In re Petit*, 217 F.3d 1072, 1075 (9th Cir. 2000.) If it can be shown that the debtor does not have equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. *In re Collins*, 199 B.R. 561, (Bankr W.D.Pa. 1996); 11 U.S.C. §362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "…the personal liability of the debtor…" 11 U.S.C. §524(a)(1). "Accordingly, the statutory language on its face, does not preclude the determination of the debtor's liability upon which the damages would be owned to another party, such as the debtor's liability insurance." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.

*Id.*, (Internal citation omitted.) Accordingly, the Code does not seek to shield third parties, such as debtor's insurers, from liability. *Id.*

## I.   ARGUMENT

### A. There is Just Cause for Granting Del Webb Relief from the Stay

There are twelve non-exclusive factors that should be weighed in determining whether to lift an automatic stay to permit pending litigation in another forum. *In re Smith*, 389 B.R. 902, 918-919 (Bkrtcy. D. Nev. 2008). Those factors, and Del Webb's analysis of each, are as follows:

(1)   Whether the relief would result in a partial or complete resolution of the issues(*Id.*);

If Del Webb is granted relief from stay for the purposes of establishing Debtor's liability in the underlying matters, it will be able to resolve all its claims for indemnification and contribution against Debtor in those matters.

(2)   The lack of any connection with or interference with the bankruptcy case (*Id.*);

There is no connection between any of the above matters and Debtor's bankruptcy case, nor will the pursuit of the Debtor in those matters interfere with the bankruptcy case.

(3)   Whether the other proceeding involves the debtor as a fiduciary *(Id.)*;

The Debtor is not a fiduciary in any of the above matters;

(4)   Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (*Id.*);

A specialized tribunal is not required to hear any of the state court matters. *Del Webb Communities, Inc v. Adams Bros. et. al* is underway in Department XIX of District Court, and

*Fisher et al v. Del Webb Communities Inc.*, and *Sun City Anthem Community Association v. Del Webb Communities, Inc.*, are both underway in Department XVI of the District Court. These departments are two of the three judicial departments which hear construction defect matters, and have established policies and protocols for doing so. *Jacobsen* is not yet in litigation.

  (5) Whether the debtor's insurer has assumed full responsibility for defending it *(Id.)*;

Debtor's insurance carriers have not yet assumed responsibility for the defense of Debtor in *Del Webb Communities, Inc v. Adams Bros. et. al.*, in *Jacobsen* above, or in *Sun City Anthem Community Association v. Del Webb Communities, Inc.* Del Webb is informed and believes that Debtor's insurance carriers have assumed responsibility for Debtor's defense in *Fisher et al v. Del Webb Communities Inc.* Should the stay be lifted, and Del Webb is allowed to pursue its claims against Debtor, it is likely that Debtor's insurance carriers will assume responsibility for Debtor's defense in these matters.

  (6) Whether the action primarily involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question *(Id.)*;

All the above matters involve subcontractors, such as the Debtor, who obtained insurance policies which name Del Webb as an additional insured. Accordingly, the Debtor, as an insured, would function only as a conduit for the insurance proceeds from those policies. Del Webb would not pursue Debtor personally or assets of its bankruptcy estate.

  (7) Whether litigation in another forum would prejudice the interest of the other creditors or other interested parties *(Id.)*;

Del Webb's pursuit of claims against Debtor in these matters will not prejudice the interest of other creditors in this bankruptcy, because Debtors' commercial general liability policies in question name Del Webb as an additional insured;

  (8) Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c) *(Id.)*;

A judgment arising from any of these matters is not subject to equitable subordination under Section 510(c).

    (9)    Whether movant's success in other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) *(Id.)*;

This factor is inapplicable for the above matters.

    (10)    The interests of judicial economy and the expeditious and economical resolution of litigation *(Id.)*;

Lifting the automatic stay will serve the interests of judicial economy and the expeditious and economical determination of litigation by allowing Del Webb to negotiate settlements of all claims against Debtor with Debtor's insurance carriers;

    (11)    Whether the parties are ready for trial in the other proceedings *(Id.)*; and

*Del Webb Communities, Inc v. Adams Bros. et. al* is in its infancy and has yet to be scheduled for trial. In *Fisher et al v. Del Webb Communities Inc.*, a scheduling order was entered by the District Court on December 12, 2009 setting the trial date for October 10, 2011. *Sun City Anthem Community Association v. Del Webb Communities, Inc.*, has not been scheduled for trial, but the current case agenda issued by the Special Master over that case establishes the earliest anticipated trial date as June 13, 2011. *Jacobsen* above is not yet in litigation.

    (12)    Impact of the stay on the parties and the balance of harms *(Id.)*;

Denial of the requested relief would severely prejudice Del Webb in its pursuit of its claims in *Del Webb Communities, Inc, v. Adams Bros. et. al.* Denial of the request would also severely prejudice its defense in the other above matters.

An examination of the factors above, yield the conclusion that just cause exists for lifting the automatic stay. If the stay is not lifted precluding Del Webb from establishing the Debtor's liability in these matters, Del Webb will be deprived of any recovery from Debtor's implicated insurers. Bankruptcy courts have held that "…the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to

1  establish the debtor's liability when that was a prerequisite to recovery from the insurer." *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D.Va. 1986).

The determination of Debtor's liability in the above cases will not prejudice Debtor, as its property is not subject to risk. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). The pursuit of that lawsuit will only affect the assets and liability of Debtor's implicated insurers, and will not affect the Debtor personally,. *In re White*, 73 B.R. 983 , 985 (Bankr.D. Col. 1987).

There is cause to grant relief from the stay to allow Del Webb to pursue Debtor's insurance proceeds in these three cases. Should relief be granted, Del Webb will serve its Third-Party Complaint in *Sun City Anthem Community Association v. Del Webb Communities, Inc.*, upon Debtor and its insurance carriers so as to trigger the carriers' participation in the case. Del Webb will further contact Debtor's carriers in *Del Webb Communities, Inc., v. Adams Brothers Interiors of Nevada et. al.* and seek their participation in the case on the part of Debtor. Similarly, in *Fisher et. al v. Del Webb Communities, Inc.,* Del Webb will inform Debtor's carriers that it has been granted relief from stay and pursue its claims against Debtor through them. In *Jacobsen* above, once litigation of the matter ensues, Del Webb will name Debtor in its Third-Party Complaint and serve Debtor with that Complaint to trigger Debtor's carriers' participation in that matter.

In *none* of these cases will Del Webb seek to enforce any judgment against Debtor or the Debtor's bankruptcy estate. Debtor's insurance carriers are not protected by the Bankruptcy Code. Furthermore, 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are subject to liability on behalf of the debtor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). Accordingly, the Court should grant Del Webb relief from the automatic stay and permit it to pursue its claims against Debtor.

///

### III. Debtor's Commercial General Liability Insurance Should Not Be Included in the Bankruptcy Estate

Del Webb seeks relief from the stay in order to pursue its claims against Debtor for the limited purpose of establishing Debtor's liability in each of the three cases above, so that it may recover from the Debtor's policies of commercial general liability insurance. Del Webb maintains that the insurance in question is not subject to the stay. While Debtor maintains a possessory interest in the applicable insurance policies, it does not have an equitable interest in those policies. Any proceeds from those policies would not benefit the Debtor in reorganization, as this is a Chapter 7 bankruptcy case. *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427,430 (2nd Cir.1987).

The proceeds of Debtor's commercial general liability policies cannot be used by the Debtor except to satisfy claims covered by those policies. The Debtor does not accumulate equity in such policies. Accordingly, the policies at issue here should not be subject to the automatic stay and should not be included in the bankruptcy estate. Additionally, the Debtor will not be prejudiced by exposure to liability in this matter because "[t]he Debtor and his property are not subject to any risk, and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life." *In re Jet Florida Systems, Inc.*, 883 F.2d 970,974 (11th Cir. 1989) *(internal citations omitted.)*

Del Webb's pursuit of its claims against Debtor will not affect property of the estate or in any way cause an impact to the Debtor's economic future. Therefore, Del Webb requests this Court grant its present Motion for Relief from stay.

### IV. CONCLUSION

Del Webb respectfully requests this Court grant it relief from the automatic stay so that it may pursue its claims against Debtor for the limited purpose of establishing Debtor's liability in the following litigations:

- *Del Webb Communities, Inc., v. Adams Brothers Interiors of Nevada et. al., Clark County District Court Case No.: A604438*
- *Fisher et. al v. Del Webb Communities, Inc., Clark County District Court Case No.: A559767*

- *Sun City Anthem Community Association v. Del Webb Communities, Inc.*, Clark County District Court Case No.: A608708
- *Jacobsen v. Del Webb Communities, Inc.*, prelitigation matter pursuant to NRS 40.600 et. seq., for 2580 Deora Way, Henderson, Nevada

This relief will not affect the Debtor or the bankruptcy estate directly, and Del Webb will only seek recovery through Debtor's general liability policies of insurance which are not part of the bankruptcy estate, from Debtor's insurers, who are not protected by the Code. Del Webb will waive any claims it has against the subject bankruptcy estate.

DATED this 28th day of May, 2010.

KOELLER, NEBEKER, CARLSON & HALUCK, LLP

BY: _____
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
MARK F. ROACH, ESQ.
Nevada Bar No. 8237
RICHARD D. YOUNG
Nevada Bar No. 011331
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599
jason.williams@knchlaw.com
mark.roach@knchlaw.com
Attorneys for Movant,
Del Webb Communties, Inc.