DAVID S. LEE, ESQ.
Nevada Bar No. 6033
CHARLENE N. RENWICK, ESQ.
Nevada Bar No. 10165
**LEE, HERNANDEZ, BROOKS, GAROFALO & BLAKE**
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
(702) 880-9750
Fax: (702) 314-1210
dlee@lee-lawfirm.com
crenwick@lee-lawfirm.com

Attorneys for Movants,
CENTEX HOMES; CENTEX
REAL ESTATE CORPORATION;
NOMAS CORP.; and PN II, INC.,
d.b.a. PULTE HOMES OF NEVADA

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: Executive Plastering, Inc.<br><br>Debtor | Case No.: BK-S 09-33776-BAM<br>**Chapter 7**<br><br>**MOTION FOR RELIEF FROM BANKRUPTCY STAY**<br><br>Hearing Date: November 16, 2010<br>Hearing Time: 1:30 p.m. |
|---|---|

### MOTION FOR RELIEF FROM BANKRUPTCY STAY

COME NOW Movants/Creditors CENTEX HOMES; CENTEX REAL ESTATE CORPORATION; NOMAS CORP.; and PN II, INC.,d.b.a. PULTE HOMES OF NEVADA (hereinafter referred to as "Movants"), by and through their attorneys of record, LEE HERNANDEZ, BROOKS, GAROFALO & BLAKE, and hereby move this Honorable Court for an Order lifting the automatic bankruptcy stay, as it applies to Executive Plastering, Inc., pursuant to 11 U.S.C. §362(d).

///

///

This Motion is based upon the pleadings and papers on file with this Court, the below points and authorities, and any oral argument that this Court may entertain at the time of hearing.

**DATED** this 19th day of October, 2010.

LEE, HERNANDEZ, BROOKS,
GAROFALO & BLAKE

DAVID S. LEE, ESQ.
Nevada Bar No. 6033
CHARLENE N. RENWICK, ESQ.
Nevada Bar No. 10165
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

Attorneys for Movants:
CENTEX HOMES; CENTEX
REAL ESTATE CORPORATION;
NOMAS CORP.; and PN II, INC.,
d.b.a. PULTE HOMES OF NEVADA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**FACTUAL BACKGROUND**

The instant Motion stems from the following Clark County NRS Chapter 40 construction defect matters: Goynes, et al. v. Centex Homes, et. al., District Court Case No. A603302; Adkins v. PN II, Inc., d.b.a Pulte Homes of Nevada; Silverstone Ranch COA (Windermere) v. PN II, Inc., d.b.a Pulte Homes of Nevada; Esperian, et al. v. PN II, Inc., d.b.a. Pulte Homes of Nevada (Parkfield at Silverstone Ranch); Braun, et al. v. PN II, Inc., d.b.a. Pulte Homes of Nevada (Greenfield at Silverstone Ranch); Frary, et al. v. PN II, Inc., d.b.a. Pulte Homes of Nevada (Silverlake at Silverstone Ranch); Kilgore, v. PN II, Inc., d.b.a. Pulte Homes of Nevada (Clairbrook/Eastpoint/Somerset at Silverstone Ranch); Ajemian, et al. v. PN II, Inc., d.b.a. Pulte Homes of Nevada (The Palms at Silverstone Ranch); and Osman, Allan, et al. v. PN II, Inc., d.b.a. Pulte Homes of Nevada (Amberly/Mountain Spa at Silverstone Ranch). Movants acted as the developers and/or general contractors for the respective homes and communities which are the subject of the above-referenced matters.

2

Pursuant to NRS 40.645, Movants placed each of their implicated subcontractors on notice of the above-listed Claimants' respective construction defect allegations, including the Debtor, Executive Plastering, Inc. (hereinafter referred to as "Debtor"). Due to the Debtor's Petition for Bankruptcy under Chapter 7 of Title 11 U.S.C., which was filed on or about December 21, 2009, and the resultant automatic stay pursuant to 11 U.S.C. §362, Movants are not only precluded from pursuing their respective Third-Party Complaints against Debtor, but they are also precluded from satisfying the statutory mediation requirement under NRS 40.680, which states:

> Except as otherwise provided in this chapter, *before a claimant commences an action* or amends a complaint to add a cause of action *for a constructional defect against a contractor, subcontractor, supplier or design professional, the matter must be submitted to mediation*, unless mediation is waived in writing by the contractor, subcontractor, supplier or design professional and the claimant.

NRS 40.680(1) (emphasis added).

Movants are informed and believe that Debtor is insured against those damages alleged by the various Claimants in the cases referenced above. Movants are further informed and believe that pursuant to their contracts with Debtor, Debtor purchased insurance, which will serve to indemnify Movants for any judgments that may be entered against them in the underlying construction defect matters. Movants intend to file Third-Party Complaints against Debtor asserting the following claims: negligence, breach of express and implied warranties, implied indemnity, breach of contract, equitable indemnity, contribution, apportionment, express indemnity and declaratory relief. Through the course of litigating their claims against Debtor, Movants seek to determine the extent of Debtor's liability, if any, and seek recovery for any such liability from Debtor's insurance carriers only. Movants' intent is to pursue such recovery only against Debtor's insurance proceeds and not against the Debtor's other assets. As such, Movants seek an Order from this Court lifting the automatic stay to allow them to proceed with their claims against Debtor for this limited purpose.

Continuance of the bankruptcy stay would result in significant prejudice to Movants' ability to defend themselves in the underlying construction defect cases and it would deny Movants their rights of indemnification and contribution against Debtor. Given that Movants intend to limit their pursuit of claims only against Debtor's applicable insurance policies, Debtor's personal assets will

3

not be jeopardized and Movants' Motion to lift the bankruptcy stay should be granted by this Honorable Court.

## II.

## LEGAL STANDARD

The United States Bankruptcy code provides that:

> On request of a party in interest and after notice and a hearing, the court *shall* grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one," in that the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). In re Smith, 389 B.R. 902, 918 (Bkrtcy.D.Nev. 2008); In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir.1990); In re Mazzeo, 167 F.3d 139, 142 (2d Cir.1999); In re Duvar Apt., Inc., 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. § 362(g)(2); In re Sonnax, 907 F.2d at 1285; In re Duvar Apt., 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. § 541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay. In re Petit, 217 F.3d 1072, 1075 (9th Cir. 2000). If it can be shown that the debtor

///

4

does not have an equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. In re Collins, 199 B.R. 561, 565 (Bankr.W.D.Pa.1996); 11 U.S.C. § 362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "... the personal liability of the debtor...." 11 U.S.C. § 524(a)(1).

> Accordingly, the statutory language, on its face, does not preclude the determination of the debtor's liability upon which the damages would be owed by another party, such as the debtor's liability insurance.

In re Jet Florida Systems, Inc., 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. ***When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.***

Id. (*citing* 3 R. Babitt, A. Herzog, R. Mabey, H. Novikoff, & M. Sheinfeld, Collier on Bankruptcy ¶ 524.01 at 524-16 (15th ed.1987) (emphasis added). As such, the Code does not seek to shield third parties, such as a debtor's insurers, from liability. In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989).

### III.

### ARGUMENT

**A.     Just Cause Exists for Lifting the Automatic Bankruptcy Stay.**

Bankruptcy courts have identified the following twelve nonexclusive factors as issues a bankruptcy court should weigh in determining whether there exists "cause" to lift the automatic stay to permit litigation to continue in another forum:

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

///

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

12. The impact of the stay on the parties and the "balance of hurt."

In re Smith, 389 B.R. 902, 918-919 (Bkrtcy.D.Nev. 2008). With respect to each of the above-referenced factors:

1. Relief from the stay will allow Movants to resolve their respective claims of indemnification and contribution against Debtor in their entirety;

2. There is no connection between the NRS Chapter 40 construction defect matters and Debtor's bankruptcy case, nor will such action interfere with the bankruptcy matter;

3. The Debtor is not a fiduciary in any of the applicable construction defect matters;

4. A specialized tribunal is not required to hear the construction defect matters as the District Court is equipped to hear the same;

5. Based on communication with Debtor's insurance carriers, it is Movants' understanding that the Debtor's insurance carriers will assume responsibility for Debtor's defense;

6. The construction defect matters at issue involve third party subcontractors, such as the Debtor, who obtained insurance policies which name Movants as additional insureds. As such, the Debtor, as an insured, functions only as a conduit for the insurance proceeds in question and Movants do not intend to pursue recovery against the Debtor personally;

6

7. The construction defect matters at issue will not prejudice the interests of other creditors as it is Movants' understanding that the policies in question name Movants as additional insureds;

8. Judgments arising from the construction defect matters are not subject to equitable subordination under Section 510(c);

9. Inapplicable;

10. Lifting the bankruptcy stay will serve the interests of judicial economy and the expeditious and economical determination of litigation for the parties by allowing Movants to negotiate settlements of all claims against Debtor with Debtor's respective insurance carriers;

11. There are no trial dates scheduled for the above-referenced matters.

12. Failure to lift the automatic stay in this matter would severely prejudice Movants in their defense of the original construction defect matters, which give rise to their claims against Debtor.

Based on these factors, Movants can clearly demonstrate just cause for lifting the automatic stay. Most importantly, if Movants are precluded from establishing Debtor's liability, they will be deprived of any recovery from Debtor's implicated insurers. As such:

> ... the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer.

In re Mann, 58 B.R. 953, 958 (Bankr.W.D.Va. 1986); *see also* Rowe v. Ford Motor Co., 34 B.R. 680 (M.D.Ala.1983); Elliot [Elliott] v. Hardison, 25 B.R. 305 (E.D.Va.1982); Wilkinson v. Vigilant Insurance Co., [236 Ga. 456,] 224 S.E.2d 167 (1976); Johnson v. Bondurant, [187 Kan. 637,] 359 P.2d 861 (1961); Miller v. Collins, [328 Mo. 313,] 40 S.W.2d 1062 (1931).

While Movants seek to establish Debtor's liability, the determination of such liability will not serve to prejudice Debtor as Debtor's personal property is not subject to risk. In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989) (*citing* In re Mann, 58 B.R. 953, 958 (Bankr.W.D.Va. 1986)). Movants' pursuit of claims against Debtor will only affect the assets and liability of the Debtor's implicated insurers, and will not affect the Debtor personally. In re White, 73 B.R. 983, 985 (Bankr.D.Col. 1987) (*see also* In re Honosky, 6 B.R. 667 (Bankr.S.D.W.Va.1980) (Plaintiff could proceed to suit to extent of the debtor's insurance coverage); Elliott v. Hardison, 25 B.R. 305-06 (E.D.Va.1982) (relief from stay appropriate given that any resulting judgment from the

7

civil action could not be enforced against the debtor or his bankruptcy estate); In re Glen-Bern Industries, Inc., 6 C.B.C. 100, 102 (Bankr.D.Mass.1975) (although decided under § 16 Bankruptcy Act of 1898, the court reasoned that a discharge is personal to the debtor and not to accrue to the benefit of third parties who may have liability based on the bankrupt's liability); Rowe v. Ford Motor Co., 34 B.R. 680 (M.D.Ala.1983)).

Based on the foregoing, there is just cause to lift the bankruptcy stay and permit Movants to pursue their claims against Debtor. Movants do not intend to enforce any potential judgments against the Debtor or the Debtor's estate, but rather, they intend to pursue recovery against Debtor's insurers, who are not protected by the Bankruptcy Code. 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are subject to liability on behalf of the Debtor. In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989). As such, this Honorable Court must grant Movants relief from the automatic stay and permit them to pursue their claims against Debtor.

**B.  Debtor Does Not Have an Equitable Interest That Would Warrant Inclusion of Subject Insurance in Bankruptcy Estate.**

Movants request that the Bankruptcy Court lift the automatic stay in this matter so that they may proceed with their claims against Debtor for the limited purpose of establishing liability against the same and seek recovery from the Debtor's implicated insurance carriers. In doing so, Movants seek a determination from this Court that the property in question, Debtor's insurance, is not subject to the stay. While Debtor's possessory interest in the applicable insurance policies renders such property subject to the automatic stay, Debtor does not have an equitable interest in the insurance, nor would the proceeds from the insurance benefit the Debtor in reorganization, as this is a Chapter 7 bankruptcy case. In re 48th Street Steakhouse, Inc., 835 F.2d 427, 430 (2d Cir.1987).

The insurance at issue in this matter is commercial general liability insurance, the proceeds of which cannot be used by the Debtor to satisfy any claims other than those covered by the applicable insurance policies. This type of insurance is not akin to a life insurance policy in which a debtor may accumulate equity. As such, the insurance policies at issue here should not be subject to the automatic stay and should be excluded from the bankruptcy estate. Moreover, the Debtor will not be prejudiced by exposure to liability in this matter because:

///

>   [t]he Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life.

In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989) (citing Wimmer v. Mann (In re Mann), 58 B.R. 953, 958 (Bankr.W.D.Va. 1986)). Movants' maintenance of their claims against Debtor will not affect the Debtor's property, nor will it impact the Debtor's economic future. As such, Movants' request that the automatic stay be lifted is warranted and should by granted by this Court.

### IV.

### CONCLUSION

Based on the foregoing, Movants request that this Honorable Court lift the automatic bankruptcy stay and permit Movants to pursue their respective claims against Debtor. Said relief will not affect the Debtor or the Debtor's estate, as Movants seek recovery against Debtor's insurers, who are not afforded protection under the Bankruptcy Code.

**DATED** this 19th day of October, 2010.

LEE, HERNANDEZ, BROOKS,
GAROFALO & BLAKE

_____
DAVID S. LEE, ESQ.
Nevada Bar No. 6033
CHARLENE N. RENWICK, ESQ.
Nevada Bar No. 10165
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

Attorneys for Movants:
CENTEX HOMES; CENTEX
REAL ESTATE CORPORATION;
NOMAS CORP.; and PN II, INC.,
d.b.a. PULTE HOMES OF NEVADA