1  DAVID S. LEE, ESQ.
   Nevada Bar No. 6033
2  CHARLENE N. RENWICK, ESQ.
   Nevada Bar No. 10165
3  KELLY L. KINDELAN, ESQ.
   Nevada Bar No. 10387
4  **LEE, HERNANDEZ, LANDRUM,**
   **GAROFALO & BLAKE, APC**
5  7575 Vegas Drive, Suite 150
   Las Vegas, Nevada 89128
6  (702) 880-9750
   Fax: (702) 314-1210
7  dlee@lee-lawfirm.com
   crenwick@lee-lawfirm.com
8  kkindelan@lee-lawfirm.com

9  Attorneys for Movant,
   PN II, INC., d.b.a. PULTE HOMES OF NEVADA
10

11              **UNITED STATES BANKRUPTCY COURT**

                      **DISTRICT OF NEVADA**
12
   In re:    Executive Plastering, Inc.          )    **Case No.:**      BK-S 09-33776-BAM
13                                                )    **Chapter 7**
                                                  )
14                                                )    **MOTION FOR RELIEF FROM**
                      Debtor                      )    **BANKRUPTCY STAY**
15                                                )
                                                  )    Hearing Date:      February 15, 2011
16                                                )    Hearing Time:      1:30 p.m.
                                                  )
17 _____

18           **MOTION FOR RELIEF FROM BANKRUPTCY STAY**

19           COMES NOW Movant/Creditor PN II, INC., d.b.a. PULTE HOMES OF NEVADA

20 (hereinafter referred to as "Movant"), by and through their attorneys of record, LEE HERNANDEZ,

21 LANDRUM, GAROFALO & BLAKE, and hereby moves this Honorable Court for an Order lifting

22 the automatic bankruptcy stay, as it applies to Debtor Executive Plastering, Inc., pursuant to 11

23 U.S.C. §362(d).

24

25

26

27 / / /

28 / / /

1    This Motion is based upon the pleadings and papers on file with this Court, the below points

2   and authorities, and any oral argument that this Court may entertain at the time of hearing.

3        **DATED** this ⟋ day of January, 2011.

4                                        **LEE, HERNANDEZ, LANDRUM,**
                                         **GAROFALO & BLAKE, APC**

5

6                                  By:

7                                        DAVID S. LEE, ESQ.
                                         Nevada Bar No. 6033
8                                        CHARLENE N. RENWICK, ESQ.
                                         Nevada Bar No. 10165
9                                        KELLY L. KINDELAN, ESQ.
                                         Nevada Bar No. 10387
10                                       7575 Vegas Drive, Suite 150
                                         Las Vegas, Nevada 89128
11                                       (702) 880-9750
                                         Fax: (702) 314-1210
12
                                         Attorneys for Movant,
13                                       PN II, INC., d.b.a. PULTE HOMES OF
                                         NEVADA
14
                        **MEMORANDUM OF POINTS AND AUTHORITIES**
15
                                               **I.**
16
                                   **FACTUAL BACKGROUND**
17

18       The instant Motion stems from a Clark County NRS Chapter 40 construction defect matter

19   entitled Pursel v. PN II, Inc., d.b.a. Pulte Homes of Nevada (NRS 40.600 et seq. process is not yet

     complete). The subject property is located in the Silverstone Ranch community in Las Vegas,
20
     Nevada. Movant acted as the developer and/or general contractor for the Silverstone Ranch
21
     community.
22
         Pursuant to NRS 40.645, Movant placed each of its implicated subcontractors on notice of
23
     the above-listed Claimant's respective construction defect allegations, including the Debtor,
24
     Executive Plastering, Inc. (hereinafter referred to as "Debtor"). Due to the Debtor's Petition for
25
     Bankruptcy under Chapter 7 of Title 11 U.S.C., which was filed on or about December 21, 2009, and
26
     the resultant automatic stay pursuant to 11 U.S.C. §362, Movant is not only precluded from pursuing
27

28                                              2

1  its third party claims Debtor, but it is also precluded from satisfying the statutory mediation

2  requirement under NRS 40.680, which states:

3          Except as otherwise provided in this chapter, *before a claimant commences an action* or
   amends a complaint to add a cause of action *for a constructional defect against a*

4          *contractor, subcontractor, supplier or design professional, the matter must be*
   *submitted to mediation*, unless mediation is waived in writing by the contractor,

5          subcontractor, supplier or design professional and the claimant.

6  NRS 40.680(1) (emphasis added).

7          Movant is informed and believes that Debtor is insured against those damages alleged by the

8  Claimant in the above-referenced case. Movant is further informed and believes that pursuant to its

9  contract(s) with Debtor, Debtor purchased insurance, which will serve to indemnify Movant for any

10  judgments that may be entered against it in the underlying construction defect matter. Movant

11  intends to file a Third-Party Complaint against Debtor asserting the following claims: negligence,

12  breach of express and implied warranties, implied indemnity, breach of contract, equitable

13  indemnity, contribution, apportionment, express indemnity and declaratory relief. Through the

14  course of litigating its claims against Debtor, Movant seeks to determine the extent of Debtor's

15  liability, if any, and seeks recovery for any such liability from Debtor's insurance carriers only.

16  Movant's intent is to pursue such recovery only against Debtor's insurance proceeds and not against

17  the Debtor's other assets. As such, Movant seeks an Order from this Court lifting the automatic stay

18  to allow it to proceed with its claims against Debtor for this limited purpose.

19          Continuance of the bankruptcy stay would result in significant prejudice to Movant's ability

20  to defend itself in the underlying construction defect case and it would deny Movant its rights of

21  indemnification and contribution against Debtor. Given that Movant intends to limit its pursuit of

22  claims only against Debtor's applicable insurance policies, Debtor's personal assets will not be

23  jeopardized and Movant's Motion to lift the bankruptcy stay should be granted by this Honorable

24  Court.

25

26  / / /

27  / / /

28

3

1

2

## II.

## LEGAL STANDARD

The United States Bankruptcy code provides that:

> On request of a party in interest and after notice and a hearing, the court **shall** grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one," in that the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). In re Smith, 389 B.R. 902, 918 (Bkrtcy.D.Nev. 2008); In re Sonnax Indus., Inc., 907 F.2d 1280, 1285 (2d Cir.1990); In re Mazzeo, 167 F.3d 139, 142 (2d Cir.1999); In re Duvar Apt., Inc., 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. § 362(g)(2); In re Sonnax, 907 F.2d at 1285; In re Duvar Apt., 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. § 541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay. In re Petit, 217 F.3d 1072, 1075 (9th Cir. 2000). If it can be shown that the debtor does not have an equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. In re Collins, 199 B.R. 561, 565 (Bankr.W.D.Pa.1996); 11 U.S.C. § 362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "... the personal

4

1    liability of the debtor...." 11 U.S.C. § 524(a)(1).

2            Accordingly, the statutory language, on its face, does not preclude the
        determination of the debtor's liability upon which the damages would be
3        owed by another party, such as the debtor's liability insurance.

4    In re Jet Florida Systems, Inc., 883 F.2d 970, 973 (11th Cir. 1989).

5            The provisions of 524(a) apply only with respect to the personal liability of the debtor.
        ***When it is necessary to commence or continue suit against a debtor in order, for***
6        ***example, to establish liability of another, perhaps a surety, such suit would not be***
        ***barred. Section 524(e) was intended for the benefit of the debtor but was not meant***
7        ***to affect the liability of third parties or to prevent establishing such liability through***
        ***whatever means required***.
8
9    Id. (*citing* 3 R. Babitt, A. Herzog, R. Mabey, H. Novikoff, & M. Sheinfeld, Collier on Bankruptcy ¶

10    524.01 at 524-16 (15th ed.1987) (emphasis added).  As such, the Code does not seek to shield third

11    parties, such as a debtor's insurers, from liability.  In re Jet Florida Systems, Inc., 883 F.2d 970, 974

12    (11th Cir. 1989).

                                **III.**

13                            **ARGUMENT**

14    **A.    Just Cause Exists for Lifting the Automatic Bankruptcy Stay.**

15            Bankruptcy courts have identified the following twelve nonexclusive factors as issues a

16    bankruptcy court should weigh in determining whether there exists "cause" to lift the automatic stay

17    to permit litigation to continue in another forum:

18        1.    Whether the relief will result in a partial or complete resolution of the issues;

19        2.    The lack of any connection with or interference with the bankruptcy
20            case;

21        3.    Whether the foreign proceeding involves the debtor as a fiduciary;

22        4.    Whether a specialized tribunal has been established to hear the
            particular cause of action and whether that tribunal has the expertise to hear such
23            cases;

24        5.    Whether the debtor's insurance carrier has assumed full financial
            responsibility for defending the litigation;
25
        6.    Whether the action essentially involves third parties, and the debtor
26            functions only as a bailee or conduit for the goods or proceeds in
            question;
27
        7.    Whether the litigation in another forum would prejudice the interests of other
28            creditors, the creditors' committee and other interested parties;

                                5

8.    Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9.    Whether Movants success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10.   The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11.   Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

12.   The impact of the stay on the parties and the "balance of hurt."

In re Smith, 389 B.R. 902, 918-919 (Bkrtcy.D.Nev. 2008).  With respect to each of the above-referenced factors:

1.    Relief from the stay will allow Movant to resolve its claims of indemnification and contribution against Debtor in their entirety;

2.    There is no connection between the NRS Chapter 40 construction defect matter and Debtor's bankruptcy case, nor will such action interfere with the bankruptcy matter;

3.    The Debtor is not a fiduciary in the applicable construction defect matter;

4.    A specialized tribunal is not required to hear the construction defect matters as the District Court is equipped to hear the same;

5.    Based on communication with Debtor's insurance carriers, it is Movant's understanding that the Debtor's insurance carriers will assume responsibility for Debtor's defense;

6.    The construction defect matter at issue involves third party subcontractors, such as the Debtor, who obtained insurance policies which name Movant as additional insured. As such, the Debtor, as an insured, functions only as an conduit for the insurance proceeds in question and Movant does not intend to pursue recovery against the Debtor personally;

7.    The construction defect matter at issue will not prejudice the interests of other creditors as it is Movant's understanding that the policies in question name Movant as an additional insured;

8.    Judgments arising from the construction defect matters are not subject to equitable subordination under Section 510(c);

9.    Inapplicable;

10.   Lifting the bankruptcy stay will serve the interests of judicial economy and the expeditious and economical determination of litigation for the parties by allowing Movant to negotiate settlements of all claims against Debtor with Debtor's respective insurance carriers;

11.   There is no trial date scheduled for the underlying construction defect matter.

12.   Failure to lift the automatic stay in this matter would severely prejudice Movant in it

6

1      defense of the original construction defect matter, which gives rise to its claims
       against Debtor.

2      Based on these factors, Movant can clearly demonstrate just cause for lifting the automatic

3      stay. Most importantly, if Movant is precluded from establishing Debtor's liability, it will be

4      deprived of any recovery from Debtor's implicated insurers. As such:

5          ... the goals of section 524(a) would not be advanced by preventing a
6          plaintiff from maintaining an action against the debtor in order to
           establish the debtor's liability when that was a prerequisite to recovery
7          from the insurer.

8      In re Mann, 58 B.R. 953, 958 (Bankr.W.D.Va. 1986); *see also* Rowe v. Ford Motor Co., 34

9      B.R. 680 (M.D.Ala.1983); Elliot [Elliott] v. Hardison, 25 B.R. 305 (E.D.Va.1982); Wilkinson v.

10     Vigilant Insurance Co., [236 Ga. 456,] 224 S.E.2d 167 (1976); Johnson v. Bondurant, [187 Kan.

11     637,] 359 P.2d 861 (1961); Miller v. Collins, [328 Mo. 313,] 40 S.W.2d 1062 (1931).

12     While Movant seeks to establish Debtor's liability, the determination of such liability will not serve

13     to prejudice Debtor as Debtor's personal property is not subject to risk. In re Jet Florida Systems,

14     Inc., 883 F.2d 970, 974 (11th Cir. 1989) (*citing* In re Mann, 58 B.R. 953, 958 (Bankr.W.D.Va.

15     1986)). Movant's pursuit of claims against Debtor will only affect the assets and liability of the

16     Debtor's implicated insurers, and will not affect the Debtor personally. In re White, 73 B.R. 983,

17     985 (Bankr.D.Col. 1987) (*see also* In re Honosky, 6 B.R. 667 (Bankr.S.D.W.Va.1980) (Plaintiff

18     could proceed to suit to extent of the debtor's insurance coverage); Elliott v. Hardison, 25 B.R.

19     305-06 (E.D.Va.1982) (relief from stay appropriate given that any resulting judgment from the civil

20     action could not be enforced against the debtor or his bankruptcy estate); In re Glen-Bern Industries,

21     Inc., 6 C.B.C. 100, 102 (Bankr.D.Mass.1975) (although decided under § 16 Bankruptcy Act of 1898,

22     the court reasoned that a discharge is personal to the debtor and not to accrue to the benefit of third

23     parties who may have liability based on the bankrupt's liability); Rowe v. Ford Motor Co., 34 B.R.

24     680 (M.D.Ala.1983)).

25     Based on the foregoing, there is just cause to lift the bankruptcy stay and permit Movant to

26     pursue its claims against Debtor. Movant does not intend to enforce any potential judgments against

27     the Debtor or the Debtor's estate, but rather, it intends to pursue recovery against Debtor's insurers,

28     who are not protected by the Bankruptcy Code. 11 U.S.C. § 524 does not act to shield third parties

7

1    such as insurers, who are subject to liability on behalf of the Debtor. In re Jet Florida Systems, Inc.,

2    883 F.2d 970, 974 (11th Cir. 1989). As such, this Honorable Court must grant Movant relief from

3    the automatic stay and permit it to pursue its claims against Debtor.

4    **B.    Debtor Does Not Have an Equitable Interest That Would Warrant Inclusion of**
     **Subject Insurance in Bankruptcy Estate.**

5

6         Movant requests that the Bankruptcy Court lift the automatic stay in this matter so that it may

7    proceed with its claims against Debtor for the limited purpose of establishing liability against the

8    same and seeks recovery from the Debtor's implicated insurance carriers. In doing so, Movant seek

9    a determination from this Court that the property in question, Debtor's insurance, is not subject to the

10   stay. While Debtor's possessory interest in the applicable insurance policies renders such property

11   subject to the automatic stay, Debtor does not have an equitable interest in the insurance, nor would

12   the proceeds from the insurance benefit the Debtor in reorganization, as this is a Chapter 7

13   bankruptcy case. In re 48th Street Steakhouse, Inc., 835 F.2d 427, 430 (2d Cir.1987).

14         The insurance at issue in this matter is commercial general liability insurance, the proceeds of

15   which cannot be used by the Debtor to satisfy any claims other than those covered by the applicable

16   insurance policies. This type of insurance is not akin to a life insurance policy in which a debtor may

17   accumulate equity. As such, the insurance policies at issue here should not be subject to the

18   automatic stay and should be excluded from the bankruptcy estate. Moreover, the Debtor will not be

19   prejudiced by exposure to liability in this matter because:

20              [t]he Debtor and his property are not subject to any risk and maintenance
                of the suit does not frustrate the policy of the Bankruptcy Code in giving
                the Debtor a fresh start in his economic life.

21   In re Jet Florida Systems, Inc., 883 F.2d 970, 974 (11th Cir. 1989) (*citing* Wimmer v. Mann (In re

22   Mann), 58 B.R. 953, 958 (Bankr.W.D.Va. 1986)). Movant's maintenance of its claims against

23   Debtor will not affect the Debtor's property, nor will it impact the Debtor's economic future. As

24   such, Movant's request that the automatic stay be lifted is warranted and should by granted by this

25   Court.

26   / / /

27   / / /

28

8

## IV.

## CONCLUSION

Based on the foregoing, Movant requests that this Honorable Court lift the automatic bankruptcy stay and permit Movant to pursue its claims against Debtor. Said relief will not affect the Debtor or the Debtor's estate, as Movant seeks recovery against Debtor's insurers, who are not afforded protection under the Bankruptcy Code.

**DATED** this ___ day of January, 2011.

**LEE, HERNANDEZ, LANDRUM, GAROFALO & BLAKE, APC**

By: _____
DAVID S. LEE, ESQ.
Nevada Bar No. 6033
CHARLENE N. RENWICK, ESQ.
Nevada Bar No. 10165
KELLY L. KINDELAN, ESQ.
Nevada Bar No. 10387
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
(702) 880-9750
Fax: (702) 314-1210

Attorneys for Movant,
PN II, INC., d.b.a. PULTE HOMES OF
NEVADA

9