**MLS**
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
jason.williams@knchlaw.com
Phone: (702) 853-5500
Fax: (702) 853-5599
Attorneys for Movants,
GREYSTONE NEVADA LLC
DBA GREYSTONE HOMES and
PN II, INC.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO: 09-33776-bam |
| EXECUTIVE PLASTERING, INC., | CHAPTER: 7 |
| Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing Date: April 5, 2011<br>Hearing Time: 1:30 p.m.<br>Estimated Time: 10 minutes |

**COME NOW** GREYSTONE NEVADA LLC DBA GREYSTONE HOMES (hereinafter "Greystone") and PN II, INC. (hereinafter "PN II") by and through their attorneys, KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and respectfully moves this Honorable Court, for an Order lifting the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d). Greystone and PN II (collectively "Movants") seek relief from the automatic stay so that they may proceed <u>only</u> against the available insurance assets of debtor Executive Plastering, Inc. (hereinafter "Debtor.") If the requested relief is granted, Movants would waive any claims they have against the subject bankruptcy estate.

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file and such other and further evidence as may be offered at the time of the hearing of this Motion.

DATED this 28th day of February, 2011

By: _____
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
KOELLER, NEBEKER, CARLSON
& HALUCK, LLP
Attorneys for Movants,
GREYSTONE NEVADA LLC DBA
GREYSTONE HOMES and PN II, INC.

## I.  STATEMENT OF FACTS

On or about September 28, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Nevada Bankruptcy Court case No. 09-33776-bam. Movants are creditors of Debtor and, therefore, qualify as parties in interest in this case. Movants seek to proceed against available insurance assets of Debtor in the following construction defect matters.

### A. Greystone Nevada, LLC *dba* Greystone Homes

Debtor executed subcontracts with Greystone to perform work at various communities in Clark County, Nevada. Debtor's scope of work as a contractor is implicated in the below construction defect matters.

> *i. Gould et al. v. Greystone Nevada LLC, Clark County District Court Case No. A622067*

On or about January 12, 2010, Plaintiffs Todd and Andrea Gould served Greystone with a purported Notice of Constructional Defects pursuant to NRS 40.645. The Notice alleges defects within their single family home located in the Fiesta Park development in Henderson,

1  Nevada. Plaintiffs' claims went through the pre-litigation process and were unresolved.
2  Plaintiffs filed a Complaint against Greystone on August 2, 2010. Plaintiffs' Complaint was
3  served on Greystone on August 5, 2010. On August 20, 2010, Greystone filed its Answer to
4  Plaintiffs' Complaint.

5      On September 3, 2010, Greystone filed its Third-Party Complaint against the implicated
6  subcontractors, including Executive Plastering, Inc., for express indemnity, equitable
7  indemnity, breach of contract, breach of express warranty, breach of implied warranty,
8  contribution, and declaratory relief regarding duty to defend, indemnify and name Greystone as
9  an additional insured. On October 28, 2010, Plaintiffs filed their First Amended Complaint,
10 naming an additional two (2) homeowners as Plaintiffs. Greystone filed its Answer to
11 Plaintiffs' First Amended Complaint on November 18, 2010.

12     Greystone seeks recovery from Debtor for indemnification and payment of the total
13 amount of any judgment rendered against Greystone based upon Plaintiffs' First Amended
14 Complaint, together with Greystone's attorneys' fees, expenses and costs incurred in defending
15 the *Gould* litigation. Additionally, Greystone seeks recovery for any and all attorneys' fees,
16 experts' fees, costs and discovery expenses incurred by Greystone in its pursuit of its Third-
17 Party Complaint.

18         ***ii.   Johanning et al. v. Greystone Nevada LLC*, Clark County District Court Case No. A576941**
19

20     Plaintiff Melissa Johanning and the owners of seventeen (17) other homes within the
21 Hometown West Development in North Las Vegas, Nevada filed a Class Action Complaint
22 against Greystone alleging defects within their single-family homes. The case was stayed until
23 the parties completed the mandatory pre-litigation requirements of NRS 40.600 *et*
24 *seq.*("Chapter 40"). Plaintiffs filed a First Amended Complaint on April 1, 2009 and then the
25 operative Second Amended Complaint naming the owners of thirty-nine (39) homes within the
26 development as Plaintiffs. The operative Complaint includes the following Causes of Action:
27 Breach of Implied Warranties, Strict Liability, Negligence and Negligence Per Se, and
28 Declaratory Relief. Greystone filed its Answer to the Second Amended Complaint on June 14,

2010. On or about January 8, 2010, Plaintiffs served their Chapter 40 Notice on Greystone. The stay has since been lifted.

On June 14, 2010, Greystone filed its Third-Party Complaint against the implicated subcontractors, including Executive Plastering, Inc., for indemnity, comparative equitable indemnity, contribution, declaratory relief, express contractual indemnity, breach of contract, and negligence.

Greystone seeks recovery for Debtor for indemnification and payment of the total amount of any judgment rendered against Greystone based upon Plaintiffs' Second Amended Complaint, together with Greystone's attorneys' fees, expenses and costs incurred in defending the *Johanning* litigation. Additionally, Greystone seeks recovery for any and all attorneys' fees, experts' fees, costs and discovery expenses incurred by Greystone in its pursuit of its Third-Party Complaint.

**B.     PN II, Inc.**

Debtor executed subcontracts with Greystone to perform work at various communities in Clark County, Nevada. Debtor's scope of work as a contractor is implicated in the following construction defect matters.

*i.     Welsh v. PN, II Inc.*

The owner of 2337 Martinique Avenue, Henderson, Nevada served a Notice of Cosntructional Defects pursuant to NRS 40.645 upon PN II, Inc. on December 27, 2010. Among the defects alleged are several related to the stucco system at the property. That stucco system was installed by Debtor pursuant to a subcontract with PN II, Inc. At the present time, this matter is proceeding according to the pre-litigation process as defined by NRS 40.600 – 40.695 *et seq*. PN II, Inc. would like to include Debtor in that process via the insurance carriers who issued Debtor's commercial general liability policies covering the time when this subject property was built.

Additionally, should the matter become litigated, PN II, Inc. seeks permission of this Court to name Debtor in its Third-Party Complaint, to seek recovery from Debtor for indemnification and payment of the total amount of any judgment rendered against PN II, Inc.

based upon any Complaint filed, together with PN II, Inc.'s attorneys' fees, expenses and costs incurred in defending the litigation. Additionally, PN II, Inc. seeks recovery for any and all attorneys' fees, experts' fees, costs and discovery expenses incurred by PN II, Inc. in its pursuit of any Third-Party Complaint it may file in relation to the subject property.

### C.    Debtor's Contractual Duties to Insure, Defend and Indemnify

Movants' claims against Debtor in the above matters stem from subcontracts entered into between Movants and Debtor whereby Debtor agreed to provide materials and labor at the various developments. Pursuant to those subcontracts, Debtor agreed to obtain general liability insurance. The subcontracts also provide that Debtor was to name Movants as additional-insureds on its general liability policies. Pursuant to the subcontracts, Debtor agreed to defend and indemnify Movants for all claims directly or indirectly caused by Debtor's negligent or intentional act or omission in Debtor's performance of the work described in the subcontracts between Debtor and Movants.

In seeking relief from the automatic stay, Movants seek to pursue their claims against Debtor and recover only from the proceeds of Debtor's policies of commercial general liability insurance. In the event that such policies are exhausted, Movants would not seek to recover from Debtor directly, or from assets of the bankruptcy estate. Movants' recovery against Debtor would be limited to the available coverage under those policies, and Movants would waive their right to seek recovery from this Court for any further unsecured claim or deficiency judgment resulting from the matters described above. Movants would waive any claims against Debtor and the estate following liquidation and closure of Debtor's bankruptcy case. Movants would also waive their claims, if any, to any deductible or payment of any self-insured retention under the applicable policies.

## II.    RELIEF REQUESTED

### A.    *Legal Standard Under 11 U.S.C. §362(d)(1)*

Movants seek relief from the automatic stay in order to proceed with its claims against Debtor in the above matters. Lifting the stay will allow the Debtor to participate in these matters, and permit the District Court to bring resolution to that case as efficiently as possible.

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one" as the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). *In re Smith*, 389 B.R. 902, 918 (Bkrtcy.D.Nev.2008); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established a prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. §362 (g)(2); *In re Sonnax*, 907 F.2d 1280, 1285 (2nd Cir.1990); *In re Duvar Apt.*, 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. §541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay. *In re Petit*, 217 F.3d 1072, 1075 (9th Cir. 2000.) If it can be shown that the debtor does not have equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. *In re Collins*, 199 B.R. 561, (Bankr W.D.Pa. 1996); 11 U.S.C. §362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "…the personal liability of the debtor…" 11 U.S.C. §524(a)(1). "Accordingly, the statutory language on its face, does not preclude the determination of the debtor's liability upon which the damages would be owned to another party, such as the debtor's liability insurance." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a

surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.

*Id.*, (Internal citation omitted.) Accordingly, the Code does not seek to shield third parties, such as debtor's insurers, from liability. *Id.*

### III.    ARGUMENT

#### A.    *There is Just Cause for Granting Movants' Relief from the Stay*

There are twelve non-exclusive factors that should be weighed in determining whether to lift an automatic stay to permit pending litigation in another forum. *In re Smith*, 389 B.R. 902, 918-919 (Bkrtcy. D. Nev. 2008). Those factors, and Movants' analysis of each, are as follows:

(1)    <u>Whether the relief would result in a partial or complete resolution of the issues (*Id.*)</u>;

If Movants are granted relief from stay for the purposes of establishing Debtor's liability in the above matters, they will be able to resolve all their claims for indemnification and contribution against Debtor in that matter.

(2)    <u>The lack of any connection with or interference with the bankruptcy case (*Id.*)</u>;

There is no connection between the above matters and Debtor's bankruptcy case, nor will the pursuit of the Debtor in this matter interfere with the bankruptcy case.

(3)    <u>Whether the other proceeding involves the debtor as a fiduciary (*Id.*)</u>;

The Debtor is not a fiduciary in the above matters;

(4)    <u>Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (*Id.*)</u>;

A specialized tribunal is not required to hear the above matters. These matters are underway in Departments XIX and XXII of Clark County District Court. These are two of the three judicial departments which hear construction defect matters, and have established policies and protocols for doing so.

(5) <u>Whether the debtor's insurer has assumed full responsibility for defending it *(Id.)*</u>;

Debtor's insurance carriers are currently investigating the claims and have not yet assumed full responsibility for the defense of Debtor in the above matters.

(6) <u>Whether the action primarily involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question *(Id.)*</u>;

The above matters involve subcontractors, such as the Debtor, who obtained insurance policies which name Movants as additional insureds. Accordingly, the Debtor, as an insured, would function only as a conduit for the insurance proceeds from those policies. Movants would not pursue Debtor personally or assets of its bankruptcy estate.

(7) <u>Whether litigation in another forum would prejudice the interest of the other creditors or other interested parties *(Id.)*</u>;

Movants' pursuit of claims against Debtor in the above matters will not prejudice the interest of other creditors in this bankruptcy, because Debtor's commercial general liability policies in question name Movants as additional insureds;

(8) <u>Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c) *(Id.)*</u>;

Any judgments arising from the above matters are not subject to equitable subordination under Section 510(c).

(9) <u>Whether movants' success in other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) *(Id.)*</u>;

This factor is inapplicable for the above matters.

(10) <u>The interests of judicial economy and the expeditious and economical resolution of litigation *(Id.)*</u>;

Lifting the automatic stay will serve the interests of judicial economy and the expeditious and economical determination of litigation by allowing Movants to negotiate settlements of all claims against Debtor with Debtor's insurance carriers;

1   (11)   <u>Whether the parties are ready for trial in the other proceedings *(Id.)*</u>; and

2   The above matters have not been set for trial.

3   (12)   <u>Impact of the stay on the parties and the balance of harms *(Id.)*</u>;

Denial of the requested relief would severely prejudice Movants in their pursuit of their claims in the above matters.

An examination of the factors above yields the conclusion that just cause exists for lifting the automatic stay. If the stay is not lifted precluding Movants from establishing the Debtor's liability in the above matters, Movants will be deprived of any recovery from Debtor's implicated insurers. Bankruptcy courts have held that "…the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer." *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D.Va. 1986).

The determination of Debtor's liability in the above matters will not prejudice Debtor, as its property is not subject to risk. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). The pursuit of that lawsuit will only affect the assets and liability of Debtor's implicated insurers, and will not affect the Debtor personally. *In re White*, 73 B.R. 983, 985 (Bankr.D. Col. 1987).

There is cause to grant relief from the stay to allow Movants to pursue Debtor's insurance proceeds in this case. Should relief be granted, Movants will proceed with their actions against Debtor and its insurance carriers.

Movants will not seek to enforce any judgment against Debtor or the Debtor's bankruptcy estate. Debtor's insurance carriers are not protected by the Bankruptcy Code. Furthermore, 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are subject to liability on behalf of the debtor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). Accordingly, the Court should grant Movants' relief from the automatic stay and permit them to pursue their claims against Debtor.

\\\

\\\

### D. Debtor's Commercial General Liability Insurance Should Not be Included in the Bankruptcy Estate

Movants seek relief from the stay in order to pursue their claims against Debtor for the limited purpose of establishing Debtor's liability in the above matters, so that they may recover from the Debtor's policies of commercial general liability insurance. Movants maintain that the insurance policies in question are not subject to the stay. While Debtor maintains a possessory interest in the applicable insurance policies, it does not have an equitable interest in those policies. Any proceeds from those policies would not benefit the Debtor in reorganization, as this is a Chapter 7 bankruptcy case. *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427,430 (2nd Cir.1987).

The proceeds of Debtor's commercial general liability policies cannot be used by the Debtor except to satisfy claims covered by those policies. The Debtor does not accumulate equity in such policies. Accordingly, the policies at issue here should not be subject to the automatic stay and should not be included in the bankruptcy estate. Additionally, the Debtor will not be prejudiced by exposure to liability in this matter because "[t]he Debtor and his property are not subject to any risk, and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life." *In re Jet Florida Systems, Inc.,* 883 F.2d 970,974 (11th Cir. 1989) *(internal citations omitted.)*

Movants' pursuit of their claims against Debtor will not affect property of the estate or in any way cause an impact to the Debtor's economic future. Therefore, Movants request this Court grant their present Motion for Relief from Stay.

///
///
///
///
///
///
///

## IV.  CONCLUSION

Movants respectfully request this Court grant them relief from the automatic stay so that they may pursue their claims against Debtor for the limited purpose of establishing Debtor's liability in above-discussed matters.

This relief will not affect the Debtor or the bankruptcy estate directly, and Movants will only seek recovery through Debtor's general liability policies of insurance which are not part of the bankruptcy estate, from Debtor's insurers, who are not protected by the Code. Movants will waive any claims they have against the subject bankruptcy estate.

DATED this 28th day of February, 2011.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorneys for Movanst, GREYSTONE NEVADA LLC DBA GREYSTONE HOMES and PN II, INC.