

**Entered on Docket
August 09, 2011**

_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599
Attorneys for Creditor, DEL WEBB'S COVENTRY
HOMES OF NEVADA, INC.

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO: 09-33776-bam |
| EXECUTIVE PLASTERING, INC. | CHAPTER: 7 |
| Debtor. | **STIPULATION AND ORDER FOR RELIEF FROM AUTOMATIC STAY** |

IT IS HEREBY STIPULATED AND AGREED, by and between Del Webb's Coventry Homes of Nevada, Inc. (hereinafter "Del Webb") by and through counsel, Jason W. Williams, Esq. and Cassandra S. Cummings, Esq. of the law firm of Koeller, Nebeker, Carlson & Haluck, LLP and William A. Leonard, Chapter 7 Trustee, by and through his attorneys of record Adam

P. Bowler, Esq. of the law firm Timothy S. Cory & Associates, (hereinafter "the parties") as follows:

WHEREAS on or around September 28, 2009, Debtor, Executive Plastering, Inc. (hereinafter "Debtor") commenced its instant bankruptcy case ("the Chapter 7 Case") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). William A. Leonard was appointed the Chapter 7 Trustee in the Chapter 7 Case.

WHEREAS, prior to filing Chapter 7 Case, Debtor entered into contracts with DEL WEBB to perform work at a residential development in Henderson, Nevada.

Plaintiffs Timothy and Lois Johnson, homeowners in the Coventry at Anthem Development, in Henderson, Nevada (hereinafter "Plaintiffs") filed a Complaint against DEL WEBB in the Eighth Judicial District Court of the State of Nevada entitled Johnson v. Del Webb's Coventry Homes of Nevada, Case No. A618501 ("Johnson Action") involving allegations of constructional defects.

WHEREAS, Debtor's work at Coventry at Anthem is implicated in the allegations made by Plaintiffs by way of their operative Complaint in the Johnson Action.

WHEREAS, DEL WEBB as the Debtor's developer for Coventry at Anthem filed a Third-Party Complaint against the Debtor for the sole purpose of seeking applicable insurance proceeds.

WHEREAS, DEL WEBB is informed and believes Debtor is insured against any damages stemming from claims which DEL WEBB asserted in its Third-Party Complaint in the Johnson Action.

WHEREAS, DEL WEBB is informed and believes pursuant to the contract with Debtor, Debtor purchased liability insurance which will serve to indemnify Debtor for any judgment that may be entered against it in the Johnson Action.

WHEREAS, DEL WEBB is further informed and believes that Debtor's liability insurance carriers have retained counsel to represent Debtor in a different construction defect action and is likely to do so in the Johnson Action.

WHEREAS coverage afforded by Debtor by its policies of commercial general liability insurance are not included in Debtor's Bankruptcy estate.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1) The automatic stay of Section 362(a) of the Bankruptcy Code is terminated in favor of DEL WEBB to permit DEL WEBB to pursue proceeds from Debtor's policies of commercial general liability insurance <u>only</u>;

2) DEL WEBB is further granted relief from the 14 day stay of the Order pursuant to Fed.R.Bankr.P.4001(a)(3), thereby making the Order effective immediately;

3) Debtor's insurance carriers are permitted at their own discretion to retain counsel, at their expense, to represent Debtor in the Johnson Action;

4) DEL WEBB waives its claims against Debtor and the estate of damages, costs, or other relief, during and following the liquidation and closing of this bankruptcy case;

5) DEL WEBB further waives its rights to this Bankruptcy Court for recovery on an unsecured claim or deficiency judgment, including their right to file a proof of claim, as would normally occur in a Chapter 7 case;

6) DEL WEBB recovery against Debtor by way of settlement or Judgment shall be limited to the monetary coverage available from the Debtor's applicable policies of commercial general liability insurance;

7) DEL WEBB further waives any claims it may have for any deductible or payment of any self-insured retention under the applicable insurance policies covering Debtor;

8) In the event that DEL WEBB obtains a judgment or settlement with Debtor in the Johnson Action, Debtor's insurance carriers may satisfy that judgment or settlement with proceeds from Debtor's policies of commercial general liability insurance without any further approval of this Court;

///
///
///
///

9) In the event that DEL WEBB obtains a judgment or settlement against Debtor in the Johnson Action, DEL WEBB may obtain insurance proceeds from Debtor's policies of commercial liability insurance without any further approval of this Court;

**IT IS SO ORDERED.**

TIMOTHY S. CORY & ASSOCIATES

By _____
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
8831 W. Sahara Avenue
Las Vegas, Nevada 89117
702-388-1996
Attorneys for William A. Leonard,
Chapter 7 Trustee

KOELLER, NEBEKER, CARLSON & HALUCK, LLP

By _____
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorneys for DEL WEBB'S COVENTRY
HOMES OF NEVADA, INC.