1  RICHARD D. YOUNG, ESQ.
   Nevada Bar No. 11331
2  CASSANDRA S. CUMMINGS, ESQ.
   Nevada Bar No. 11944
3  KOELLER NEBEKER CARLSON & HALUCK, LLP
   300 S. Fourth St., Suite 500
4  Las Vegas, NV  89101
   richard.young@knchlaw.com
5  Phone:  (702) 853-5500
   Fax:   (702) 853-5599
6  Attorneys for Movants
   DEL WEBB COMMUNITIES, INC,
7  GREYSTONE NEVADA LLC, PN II, INC.
   dba PULTE HOMES OF NEVADA,
8  PULTE BUILDING SYSTEMS,
   PULTE HOME CORPORATION and
9  US HOME CORPORATION

10

11            **UNITED STATES BANKRUPTCY COURT**

12                   **DISTRICT OF NEVADA**

13  IN RE:                          )
                                    )    **CASE NO:  09-33776-bam**
    EXECUTIVE PLASTERING, INC.      )    **CHAPTER  7**
14                                  )    **MOTION FOR RELIEF FROM STAY**
              Debtor.               )
15                                  )
                                    )    **Hearing Date:       June 5, 2012**
16  _____  )    **Hearing Time:       1:30 p.m.**

17

18        **COME NOW** DEL WEBB COMMUNITIES, INC. (hereinafter "DEL WEBB"),

19  GREYSTONE NEVADA LLC (hereinafter "GREYSTONE"), PN II, INC. dba PULTE

20  HOMES OF NEVADA (hereinafter "PULTE"), PULTE BUILDING SYSTEMS (hereinafter

21  "PBC"),  PULTE  HOME  CORPORATION  (hereinafter  "PHC")  and  US  HOME

22  CORPORATION (hereinafter "US HOME"), (also collectively referred to as "Movants") by

23  and through their attorneys, KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and

24  respectfully move this Honorable Court for an Order lifting the automatic bankruptcy stay

25  pursuant to 11 U.S.C. § 362(d).  Movants seek relief from the automatic stay so that they may

26  proceed only against the available insurance assets of debtor Executive Plastering, Inc.

27  (hereinafter "Debtor").  If the requested relief is granted, Movants would waive any claims they

28  have against the subject bankruptcy estate.

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file and such other and further evidence as may be offered at the time of the hearing of this Motion.

DATED this 2nd day of May, 2012.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____

RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorneys for Movants
DEL WEBB COMMUNITIES, INC,
GREYSTONE NEVADA LLC, PN II,
INC. dba PULTE HOMES OF
NEVADA, PULTE BUILDING
SYSTEMS, PULTE HOME
CORPORATION and US HOME
CORPORATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

On or about September 28, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 09-33776-bam.  Due to the Petition for Bankruptcy, there is an automatic stay in place.  Movants are creditors of Debtor and therefore qualify as parties in interest in this case.  Movants seek to proceed against available insurance assets only of Debtor in the following construction defect matters.  Movants do not seek to proceed against any assets of the bankruptcy estate.

**A. MATTERS**

i. *Minor, et al. v. PN II, Inc. dba Pulte Homes of Nevada and Pulte Home Corporation,* Clark County District Case No. A625664

This action arises from Notices of Construction Defects served on Pulte and PHC pursuant to NRS 40.645 alleging construction deficiencies with respect to one hundred thirty-one (131) residences in the Stallion Mountain Community in Las Vegas, Nevada.  Plaintiffs

1  filed their Complaint in this matter on September 20, 2010.  Pulte and PHC moved to dismiss
2  Plaintiffs' Complaint for failure to comply with the requirements of NRS 40.600, *et seq.*
3  (hereinafter "Chapter 40") and moved to strike Plaintiffs' class allegations.  The class
4  allegations were stricken and the matter was stayed to complete the Chapter 40 process.
5  Plaintiffs filed the operative Third Amended Complaint on October 11, 2011.  The Chapter 40
6  Notices and operative Complaint received by Pulte and PHC implicate the work of Debtor.
7  Therefore, the participation of Debtor is imperative to the disposition of this case.  Pulte and
8  PHC intend to proceed against Debtor's insurance only.  Relief from the automatic stay is
9  necessary to proceed in this matter.

10          ii. *Jacobs Family Trust v. PN II, Inc. dba Pulte Homes of Nevada*, Clark County
                District Court Case No. A657908
11

12          This action arises from a Notice of Construction Defect served on Pulte pursuant to
13  NRS 40.645 alleging construction defects within a single family home in the Sun City Aliante
14  Community in North Las Vegas, Nevada.  Plaintiff filed its Complaint in this matter on January
15  18, 2012.  Pulte filed an Answer to the Complaint and a Third-Party Complaint.  The Chapter
16  40 Notice and operative Complaint received by Pulte implicate the work of Debtor.  Therefore,
17  the participation of Debtor is imperative to the disposition of this case.  Pulte intends to proceed
18  against Debtor's insurance only.  Relief from the automatic stay is necessary to proceed in this
19  matter.

20          iii. *Tugwell, et al. v. Greystone Nevada LLC and US Home Corporation*, Clark
                 County District Court Case No. A657908
21

22          This action arises from allegations of construction defects at twenty-seven (27)
23  residences in the Hometown West 2 development in Las Vegas, Nevada.  Plaintiffs filed their
24  Complaint on March 8, 2012 naming Greystone and US Home as Defendants.  The operative
25  Complaint received by Greystone and US Home implicates the work of Debtor.  Therefore, the
26  participation of Debtor is imperative to the disposition of this case.  Greystone and US Home
27  intend to proceed against Debtor's insurance only.  Relief from the automatic stay is necessary
28  to proceed in this matter.

iv. *Howard & Sharon Dameron v. Del Webb Communities, Inc., Pulte Building Systems, LLC, and PN II, Inc. dba Pulte Homes of Nevada*

A Notice of Chapter 40 Defects was received by Del Webb Communities, Inc., Pulte Building Systems, LLC and PN II, Inc. dba Pulte Homes of Nevada (hereinafter collectively "Del Webb/Pulte") on or around November 29, 2011 in regards to allegations of construction defects at the claimants' home located at 2755 White Sage Drive, Henderson, Nevada. Chapter 40 pre-litigation mediation is scheduled for May 1, 2012. The Chapter 40 Notices received by Del Webb/Pulte implicate the work of Debtor. Therefore, the participation of Debtor is imperative to the disposition of this case. Del Webb/Pulte intend to proceed against Debtor's insurance only. Relief from the automatic stay is necessary to proceed in this matter.

v. *Harris, et al. v. US Home Corporation*

This case is currently in the NRS Chapter 40 pre-litigation process. Notices of Construction Defects pursuant to NRS 40.645 have been served on US Home for twenty-two (22) residences in the Copperfield/Laurelwood Community in Las Vegas, Nevada. Chapter 40 pre-litigation mediation has not yet occurred. The Chapter 40 Notices received by US Home implicate the work of Debtor. Therefore, the participation of Debtor is imperative to the disposition of this case. US Home intends to proceed against Debtor's insurance only. Relief from the automatic stay is necessary to proceed in this matter.

## B. DEBTOR'S CONTRACTUAL DUTIES TO INSURE, DEFEND AND INDEMNIFY

Movants' claims against Debtor in the above matters stem from subcontracts entered into between Movants and Debtor whereby Debtor agreed to provide materials and labor at the various developments. Pursuant to those subcontracts, Debtor agreed to obtain general liability insurance. The subcontracts also provide that Debtor was to name Movants as additional-insured on its general liability policies. Pursuant to the subcontracts, Debtor has agreed to defend and indemnify Movants for all claims directly or indirectly caused by Debtor's negligent or intentional act or omission in Debtor's performance of the work described in the subcontracts between Debtor and Movants.

1    In seeking relief from the automatic stay, Movants seek to pursue their claims against

2    Debtor and recover only from the proceeds of Debtor's policies of commercial general liability

3    insurance.  In the event that such policies are exhausted, Movants would not seek to recover

4    from Debtor directly, or from assets of the bankruptcy estate.  Movants' recovery against

5    Debtor would be limited to the available coverage under those policies, and Movants would

6    waive their right to seek recovery from this Court for any further unsecured claim or deficiency

7    judgment resulting from the matters described above.  Movants would waive any claims against

8    Debtor and the estate following liquidation and closure of Debtor's bankruptcy case.  Movants

9    would also waive their claims, if any, to any deductible or payment of any self-insured

10    retention under the applicable policies.

11    ## II.    RELIEF REQUESTED

12    ### A.    Legal Standard Under 11 U.S.C. §362(d)(1)

13    Movants seek relief from the automatic stay in order to proceed with their claims

14    against Debtor in the above matter.  Lifting the stay will allow the Debtor to participate in these

15    matters, and permit the District Courts to bring resolution to that case as efficiently as possible.

16    Section 362(d)(1) of the Bankruptcy Code provides:

17    (d) On request of a party in interest after notice and a hearing, the court shall
grant relief from the stay provided under subsection (a) of this section, such as
18    by terminating, annulling, modifying, or conditioning such stay -
    **(1)** *for cause*, including the lack of adequate protection of an interest in
19    property of such party in interest…

20    11 U.S.C. § 362(d) (emphasis added).  "The burden of proof on a motion to modify the

21    automatic stay is a shifting one" as the party seeking relief must establish a prima facie case

22    that there exists cause for relief under 11 U.S.C. § 362(d)(1).  *In re Smith*, 389 B.R. 902, 918

23    (Bkrtcy.D.Nev.2008); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996).  Once the

24    moving party has established a prima facie case, the burden shifts to the debtor to show that

25    relief from the stay is unwarranted. 11 U.S.C. §362 (g)(2); *In re Sonnax,* 907 F.2d  1280, 1285

26    (2nd Cir.1990); *In re Duvar Apt.*, 205 B.R. at 200.

27    Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of

28    property in which the debtor has a legal or equitable interest. 11 U.S.C. §541(a)(1).  Where

1    there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the

2    burden is on the creditor to seek a determination from the bankruptcy court as to whether or not

3    such property is subject to the automatic stay. *In re Petit*, 217 F.3d 1072, 1075 (9ᵗʰ Cir. 2000.)

4    If it can be shown that the debtor does not have equity in property claimed to be part of the

5    estate, the bankruptcy court may lift the automatic stay. *In re Collins*, 199 B.R. 561, (Bankr

6    W.D.Pa. 1996); 11 U.S.C. §362(d)(2)(A).

7        Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "…the

8    personal liability of the debtor…" 11 U.S.C. §524(a)(1).  "Accordingly, the statutory language

9    on its face, does not preclude the determination of the debtor's liability upon which the

10    damages would be owned to another party, such as the debtor's liability insurance." *In re Jet*

11    *Florida Systems, Inc.*, 883 F.2d 970, 973 (11ᵗʰ Cir. 1989).

12        The provisions of 524(a) apply only with respect to the personal liability
        of the debtor. When it is necessary to commence or continue suit against a
13        debtor in order, for example, to establish liability of another, perhaps a
        surety, such suit would not be barred. Section 524(e) was intended for the
14        benefit of the debtor but was not meant to affect the liability of third
        parties or to prevent establishing such liability through whatever means
15        required.

16    *Id.*, (Internal citation omitted.) Accordingly, the Code does not seek to shield third parties, such

17    as debtor's insurers, from liability. *Id.*

18                    **III.    ARGUMENT**

19        **A.    There is Just Cause for Granting Movants' Relief from the Stay.**

20        There are twelve non-exclusive factors that should be weighed in determining whether

21    to lift an automatic stay to permit pending litigation in another forum. *In re Smith*, 389 B.R.

22    902, 918-919 (Bkrtcy. D. Nev. 2008).  Those factors, and Movants' analysis of each, are as

23    follows:

24    ///

25    ///

26    ///

27

28

1   (1) *Whether the relief would result in a partial or complete resolution of the issues (Id.)*

2

3   If Movants are granted relief from stay for the purposes of establishing Debtor's

4 liability in the above matters, they will be able to resolve all their claims for indemnification

5 and contribution against Debtor in said matters.

6   (2) *The lack of any connection with or interference with the bankruptcy case (Id.)*

7

8   There is no connection between the above matters and Debtor's bankruptcy case, nor

9 will the pursuit of the Debtor in these matters interfere with the bankruptcy case.

10   (3) *Whether the other proceeding involves the debtor as a fiduciary (Id.)*

11   The Debtor is not a fiduciary in the above matters.

12   (4) *Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (Id.)*

13

14   A specialized tribunal is not required to hear the above matters. These matters are

15 underway in Departments 16, 19 and 22 of Clark County District Court. These are the three

16 departments which hear construction defect matters, and have established policies and

17 protocols for doing so.

18   (5) *Whether the debtor's insurer has assumed full responsibility for defending it (Id.)*

19

20   Debtor's insurance carriers are currently investigating the claims and have not yet

21 assumed full responsibility for the defense of Debtor in the above matters.

22   (6) *Whether the action primarily involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question (Id.)*

23

24   The above matters involve subcontractors, such as the Debtor, who obtained insurance

25 policies which name Movants as additional insureds. Accordingly, the Debtor, as an insured,

26 would function only as a conduit for the insurance proceeds from those policies. Movants

27 would not pursue Debtor personally or assets of its bankruptcy estate.

28   (7) *Whether litigation in another forum would prejudice the interest of the other creditors or other interested parties (Id.)*

Movants' pursuit of claims against Debtor in the above matters will not prejudice the interest of other creditors in this bankruptcy, because Debtor's commercial general liability policies in question name Movants as an additional insureds.

(8)    *Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c) (Id.)*

Any judgments arising from the above matters are not subject to equitable subordination under Section 510(c).

(9)    *Whether movants' success in other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) (Id.)*

This factor is inapplicable for the above matters.

(10)    *The interests of judicial economy and the expeditious and economical resolution of litigation (Id.)*

Lifting the automatic stay will serve the interests of judicial economy and the expeditious and economical determination of litigation by allowing Movants to negotiate settlements of all claims against Debtor with Debtor's insurance carriers;

(11)    *Whether the parties are ready for trial in the other proceedings (Id.)*

None of the aforementioned cases are set for trial. The earliest date for setting a trial date is December 16, 2013.

(12)    *Impact of the stay on the parties and the balance of harms (Id.)*

Denial of the requested relief would severely prejudice Movants in their pursuit of their claims in the above matters.

An examination of the factors above yields the conclusion that just cause exists for lifting the automatic stay. If the stay is not lifted precluding Movants from establishing the Debtor's liability in the above matters, Movants will be deprived of any recovery from Debtor's implicated insurers. Bankruptcy courts have held that "…the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer." *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D.Va. 1986).

1    The determination of Debtor's liability in the above matters will not prejudice Debtor,

2  as its property is not subject to risk. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th

3  Cir. 1989). The pursuit of these lawsuits will only affect the assets and liability of Debtor's

4  implicated insurers, and will not affect the Debtor personally. *In re White*, 73 B.R. 983 , 985

5  (Bankr.D. Col. 1987).

6    There is cause to grant relief from the stay to allow Movants to pursue Debtor's

7  insurance proceeds in the above cases. Should relief be granted, Movants will proceed with

8  their actions against Debtor and its insurance carriers.

9    Movants will not seek to enforce any judgment against Debtor or the Debtor's

10  bankruptcy estate. Debtor's insurance carriers are not protected by the Bankruptcy Code.

11  Furthermore, 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are

12  subject to liability on behalf of the debtor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974

13  (11th Cir. 1989). Accordingly, the Court should grant Movants relief from the automatic stay

14  and permit Movants to pursue its claims against Debtor.

15                              **IV.    CONCLUSION**

16    Movants respectfully request this Court grant them relief from the automatic stay so that

17  they may pursue their claims against Debtor for the limited purpose of establishing Debtor's

18  liability in the above-discussed matters.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1     This relief will not affect the Debtor or the bankruptcy estate directly, and Movants will

2    only seek recovery through Debtor's general liability policies of insurance which are not part of

3    the bankruptcy estate, from Debtor's insurers, who are not protected by the Code.   Movants

4    will waive any claims they have against the subject bankruptcy estate.

5         DATED this 2nd day of May, 2012.

KOELLER NEBEKER CARLSON &
HALUCK, LLP

BY: _____
RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV  89101
Attorneys for Movants
DEL WEBB COMMUNITIES, INC,
GREYSTONE NEVADA LLC, PN II,
INC. dba PULTE HOMES OF
NEVADA, PULTE BUILDING
SYSTEMS, PULTE HOME
CORPORATION and US HOME
CORPORATION

## CERTIFICATE OF SERVICE/MAILING

I hereby certify, under penalty of perjury, that I am an employee of KOELLER, NEBEKER, CARLSON & HALUCK, LLP and caused to be electronically filed on this 2nd day of May, 2012 a true and correct copy of MOTION FOR RELIEF FROM STAY with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorneys of record.

I hereby also certify that I served a copy of MOTION FOR RELIEF FROM STAY on said 2nd day of May, 2012, by depositing a copy of same in the United States Mail, in a postage prepaid envelope, addressed to:

DEBTOR:
Executive Plastering
c/o Leonard T. Fink, Esq.
Springel & Fink, LLP
10655 Park Run Drive, #275
Las Vegas, NV 89144

Executive Plastering
c/o Secretary of State
Las Vegas Satellite Office
555 E. Washington Street, Suite 4000
Las Vegas, NV 89101

ATTORNEY FOR DEBTOR:
David Krieger, Esq.
Hanes & Krieger, LLC
1020 Garces Avenue, Suite 100
Las Vegas, NV 89101

CHAPTER 13 TRUSTEE:
U.S. Trustee – LV-13
300 Las Vegas Boulevard South, Suite 4300
Las Vegas, NV 89101

TRUSTEE
William A. Leonard
6625 S. Valley View, #224
Las Vegas, NV 89118

ATTORNEY FOR TRUSTEE
Timothy S. Cory, Esq.
Durham, Jones & Pinegar, P.C.
10785 W. Twain, Suite 200
Las Vegas, NV 89135

_____
Employee of KOELLER, NEBEKER CARLSON & HALUCK, LLP

# EXHIBIT "A"

## * * § 362 INFORMATION COVER SHEET * *

Executive Plastering, Inc.                    09-33776

DEBTOR                                        Case No:                    MOTION #:
 Del Webb Communities, Inc., Gr              CHAPTER: 7

MOVANT

| _Certification of Attempt to Resolve the Matter Without Court Action:_ |
|---|
| _Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so._ |

Date: May 2, 2012                          Signature: Cassandra S. Cummings, Inc.

                                                    **Attorney for Movant**

PROPERTY INVOLVED IN THIS MOTION: Insurance proceeds

NOTICE SERVED ON: Debtor(s) ☑ ; Debtor's counsel ☑ ; Trustee ☑ ;

DATE OF SERVICE: May 2, 2012

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st n/a | 1st n/a |
| 2nd | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other: | Other: |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL of OPINION as to VALUE: | APPRAISAL of OPINION as to VALUE: |

| TERMS of MOVANT'S CONTRACT with the DEBTOR(S):: | DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT : |
|---|---|
| Amount of Note: n/a | . |
| Interest Rate: | . |
| Duration: | . |
| Payment per Month: | . |
| Date of Default: | . |
| Amount in Arrears: | . |
| Date of Notice of Default: | . |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: | SUBMITTED BY: |
|  | SIGNATURE: |

# EXHIBIT "B"

1  RICHARD D. YOUNG, ESQ.
   Nevada Bar No. 11331
2  CASSANDRA S. CUMMINGS, ESQ.
   Nevada Bar No. 11944
3  KOELLER NEBEKER CARLSON & HALUCK, LLP
   300 S. Fourth St., Suite 500
4  Las Vegas, NV  89101
   *richard.young@knchlaw.com*
5  Phone:  (702) 853-5500
   Fax:   (702) 853-5599
6  Attorneys for Movants
   DEL WEBB COMMUNITIES, INC,
7  GREYSTONE NEVADA LLC, PN II, INC.
   dba PULTE HOMES OF NEVADA,
8  PULTE BUILDING SYSTEMS,
   PULTE HOME CORPORATION and
9  US HOME CORPORATION

10

           **UNITED STATES BANKRUPTCY COURT**
11
                **DISTRICT OF NEVADA**
12
   IN RE:                              )
13                                     )   **CASE NO:  09-33776-bam**
   EXECUTIVE PLASTERING, INC.          )   **CHAPTER  7**
14                                     )   **ORDER GRANTING**
                                       )   **MOTION FOR RELIEF FROM STAY**
15            Debtor.                  )
                                       )
16                                     )   **Hearing Date:**
                                       )   **Hearing Time:**
17  _____)

18        IT IS HEREBY ORDERED that the Motion for Relief from Stay filed by DEL WEBB

19  COMMUNITIES, INC., GREYSTONE NEVADA LLC, PN II, INC. dba PULTE HOMES OF

20  NEVADA, PULTE BUILDING SYSTEMS, PULTE HOME CORPORATION and US HOME

21  CORPORATION, (collectively referred to as "Movants") is GRANTED.

22        IT IS FURTHER ORDERED that Movants are afforded relief from the automatic stay

23  in state court actions *Minor, et al. v. PN II, Inc. dba Pulte Homes of Nevada and Pulte Home*

24  *Corporation*, Clark County District Court Case No. A625664, *Jacobs Family Trust v. PN II,*

25  *Inc. dba Pulte Homes of Nevada*, Clark County District Court Case No. A657908 and *Tugwell,*

26  *et al. v. Greystone Nevada LLC and US Home Corporation*, Clark County District Court Case

27  No. A657908 and in NRS 40.600, *et seq.* pre-litigation matters *Howard & Sharon Dameron v.*

28  *Del Webb Communities, Inc., Pulte Building Systems, LLC, and PN II, Inc. dba Pulte Homes of*

1   *Nevada*, and *Harris, et al. v. US Home Corporation*, solely for the limited purpose of

2   liquidating third-party construction defect claims against the Debtor and pursuing satisfaction

3   or settlement of those claims out of liability insurance proceeds held by Debtor's liability

4   insurers.

5         IT IS FURTHER ORDERED that Movants are directed not to seek to enforce any

6   judgment or claim against the Debtor's bankruptcy estate except through and with the

7   permission of the Bankruptcy Court.

8       **IT IS SO ORDERED.**

9   Respectfully Submitted on this ____ day of May, 2012.

10   KOELLER NEBEKER CARLSON &
     HALUCK, LLP

11

12   _____
     RICHARD D. YOUNG, ESQ.

13   Nevada Bar No. 11331
     CASSANDRA S. CUMMINGS, ESQ.

14   Nevada Bar No. 11944
     300 S. Fourth St., Suite 500

15   Las Vegas, NV 89101
     Attorneys for Movants

16   DEL WEBB COMMUNITIES, INC,
     GREYSTONE NEVADA LLC, PN II, INC.

17   dba PULTE HOMES OF NEVADA, PULTE
     BUILDING SYSTEMS, PULTE HOME

18   CORPORATION and US HOME
     CORPORATION

19

20

21

22

23

24

25

26

27

28