JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
VALERIE L. DEL GROSSO, ESQ.
Nevada Bar No. 11103
KOELLER, NEBEKER, CARLSON
 & HALUCK, LLP
300 S. Fourth St., Suite 500
Las Vegas, NV  89101
Jason.Williams@knchlaw.com
Phone:  (702) 853-5500
Fax:   (702) 853-5599
Attorneys for Movant
PN II, INC. dba PULTE HOMES
OF NEVADA

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | ) CASE NO:  09-33776-bam |
| | ) CHAPTER  7 |
| EXECUTIVE PLASTERING, INC. | ) |
| | ) MOTION FOR RELIEF FROM |
| Debtor. | ) AUTOMATIC STAY |
| | ) |
| | ) Hearing Date: October 2, 2012 |
| | ) Hearing Time: 1:30 p.m. |

**COMES NOW** Movant, PN II, INC. dba PULTE HOMES OF NEVADA (hereinafter "PULTE"), by and through its attorneys, KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and respectfully moves this Honorable Court for an Order lifting the automatic bankruptcy stay pursuant to 11 U.S.C. §362(d).  Movant seeks relief from the automatic stay so that it may proceed <u>only</u> against the available insurance assets of debtor Executive Plastering, Inc. (hereinafter "Debtor").  If the requested relief is granted, Movant would waive any claims it has against the subject bankruptcy estate.

///

///

///

///

///

///

149818_1

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such other and further evidence as may be offered at the time of the hearing of this Motion.

DATED this 31st day of August, 2012.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
VALERIE L. DEL GROSSO, ESQ.
Nevada Bar No. 11103
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorneys for Movant
PN II, INC. dba PULTE HOMES OF NEVADA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  STATEMENT OF FACTS

On or about September 28, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 09-33776-bam. Due to the Petition for Bankruptcy, there is an automatic stay in place. Movant is a creditor of Debtor and therefore qualifies as a party in interest in this case. Movant seeks to proceed against available insurance assets only of Debtor in the following construction defect matter. Movant does not seek to proceed against any assets of the bankruptcy estate.

**A.    TIEDEMAN V. PN II, INC.**

i.    *Gregory and Carla Tiedeman v. PN II, Inc. dba Pulte Homes of Nevada*

A Notice of Chapter 40 Defects was received by PN II, Inc. dba Pulte Homes of Nevada on or around August 15, 2012, alleging various construction defects at the claimants' home located at 64 Pangloss Street, Henderson, Nevada, in the Palm Hills community. The Chapter 40 Notice received by Pulte implicates the work of Debtor. Therefore, the participation of

149818_1

Debtor is imperative to the disposition of this case. Pulte intends to proceed against Debtor's insurance only. Relief from the automatic stay is necessary to proceed in this matter.

### B. DEBTOR'S CONTRACTUAL DUTIES TO INSURE, DEFEND AND INDEMNIFY

Movant's claims against Debtor in the above matters stem from a subcontract entered into between Movant and Debtor whereby Debtor agreed to provide materials and labor at the Palm Hills community. Pursuant to that subcontract, Debtor agreed to obtain general liability insurance. The subcontract also provided that Debtor was to name Movant as additional-insured on its general liability policy. Pursuant to the subcontract, Debtor has agreed to defend and indemnify Movant for all claims directly or indirectly caused by Debtor's negligent or intentional act or omission in Debtor's performance of the work described in the subcontracts between Debtor and Movant.

In seeking relief from the automatic stay, Movant seeks to pursue its claims against Debtor and recover only from the proceeds of Debtor's policies of commercial general liability insurance. In the event that such policies are exhausted, Movant would not seek to recover from Debtor directly, or from assets of the bankruptcy estate. Movant's recovery against Debtor would be limited to the available coverage under those policies, and Movant would waive its right to seek recovery from this Court for any further unsecured claim or deficiency judgment resulting from the matters described above. Movant would waive any claims against Debtor and the estate following liquidation and closure of Debtor's bankruptcy case. Movant would also waive its claims, if any, to any deductible or payment of any self-insured retention under the applicable policies.

### II. RELIEF REQUESTED

### A. LEGAL STANDARD UNDER 11 U.S.C. §362(d)(1)

Movant seeks relief from the automatic stay to proceed with its claims against Debtor in the above matter. Lifting the stay will allow the Debtor to participate in these matters, and permit the District Courts to bring resolution to that case as efficiently as possible.

///

149818_1

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> **(1)** *for cause*, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. §362(d) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one" as the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). *In re Smith*, 389 B.R. 902, 918 (Bkrtcy. D.Nev. 2008); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established a prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. §362 (g)(2); *In re Sonnax*, 907 F.2d 1280, 1285 (2nd Cir.1990); *In re Duvar Apt.*, 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. §541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay. *In re Petit*, 217 F.3d 1072, 1075 (9th Cir. 2000.) If it can be shown that the debtor does not have equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. *In re Collins*, 199 B.R. 561, (Bankr. W.D.Pa. 1996); 11 U.S.C. §362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "…the personal liability of the debtor…" 11 U.S.C. §524(a)(1). "Accordingly, the statutory language on its face, does not preclude the determination of the debtor's liability upon which the damages would be owned to another party, such as the debtor's liability insurance." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third

149818_1

parties or to prevent establishing such liability through whatever means required.

*Id.*, (Internal citation omitted.) Accordingly, the Code does not seek to shield third parties, such as debtor's insurers, from liability. *Id.*

### III.    ARGUMENT

**A.    There is Just Cause for Granting Movant's Relief from the Stay.**

There are twelve non-exclusive factors that should be weighed in determining whether to lift an automatic stay to permit pending litigation in another forum. *In re Smith*, 389 B.R. 902, 918-919 (Bkrtcy. D.Nev. 2008). Those factors, and Movant's analysis of each, are as follows:

> (1)    *Whether the relief would result in a partial or complete resolution of the issues (Id.)*

If Movant is granted relief from stay for the purposes of establishing Debtor's liability in the foregoing matter, it will be able to resolve all of its claims for indemnification and contribution against Debtor therein.

> (2)    *The lack of any connection with or interference with the bankruptcy case (Id.)*

There is no connection between the above matter and Debtor's bankruptcy case, nor will the pursuit of the Debtor in this matter interfere with the bankruptcy case.

> (3)    *Whether the other proceeding involves the debtor as a fiduciary (Id.)*

The Debtor is not a fiduciary in the above matter.

> (4)    *Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (Id.)*

A specialized tribunal is not required to hear the above matter. The case has yet to proceed to litigation and is currently in the pre-litigation administration phase required by NRS Chapter 40.

> (5)    *Whether the debtor's insurer has assumed full responsibility for defending it (Id.)*

Debtor's insurance carriers were recently put on notice of claims related to this matter, and are investigating the claims.

149818_1

     (6)    *Whether the action primarily involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question (Id.)*

The above matter involves subcontractors, such as the Debtor, who obtained insurance policies which names Movant as an additional insured. Accordingly, the Debtor, as an insured, would function only as a conduit for the insurance proceeds from those policies. Movant would not pursue Debtor personally or assets of its bankruptcy estate.

     (7)    *Whether litigation in another forum would prejudice the interest of the other creditors or other interested parties (Id.)*

Movant's pursuit of claims against Debtor in the above matter will not prejudice the interest of other creditors in this bankruptcy, because Debtor's commercial general liability policy in question name Movant as an additional insured.

     (8)    *Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c) (Id.)*

Any judgments arising from the above matters are not subject to equitable subordination under Section 510(c).

     (9)    *Whether movant's success in other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) (Id.)*

This factor is inapplicable for the above matter.

     (10)    *The interests of judicial economy and the expeditious and economical resolution of litigation (Id.)*

Lifting the automatic stay will serve the interests of judicial economy and the expeditious and economical determination of litigation by allowing Movant to negotiate settlements of all claims against Debtor with Debtor's insurance carriers;

     (11)    *Whether the parties are ready for trial in the other proceedings (Id.)*

The aforementioned case is not set for trial.

     (12)    *Impact of the stay on the parties and the balance of harms (Id.)*

Denial of the requested relief would severely prejudice Movant in its pursuit of its claims in the above matter.

An examination of the factors above yields the conclusion that just cause exists for lifting the automatic stay. If the stay is not lifted precluding Movant from establishing the

Debtor's liability in the above matters, Movant will be deprived of any recovery from Debtor's implicated insurers. Bankruptcy courts have held that "…the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer." *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D.Va. 1986).

The determination of Debtor's liability in the above matters will not prejudice Debtor, as its property is not subject to risk. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). The pursuit of this lawsuit will only affect the assets and liability of Debtor's implicated insurers, and will not affect the Debtor personally. *In re White*, 73 B.R. 983, 985 (Bankr. D.Col. 1987).

There is cause to grant relief from the stay to allow Movant to pursue Debtor's insurance proceeds in the above cases. Should relief be granted, Movant will proceed with its actions against Debtor and its insurance carriers.

Movant will not seek to enforce any judgment against Debtor or the Debtor's bankruptcy estate. Debtor's insurance carriers are not protected by the Bankruptcy Code. Furthermore, 11 U.S.C. §524 does not act to shield third parties such as insurers, who are subject to liability on behalf of the debtor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). Accordingly, the Court should grant Movant relief from the automatic stay and permit Movant to pursue its claims against Debtor.

## IV.    CONCLUSION

Movant respectfully request this Court grant it relief from the automatic stay so that it may pursue its claims against Debtor for the limited purpose of establishing Debtor's liability in the above-discussed matter.

///
///
///
///
///

149818_1

This relief will not affect the Debtor or the bankruptcy estate directly, and Movant will only seek recovery through Debtor's general liability policies of insurance which are not part of the bankruptcy estate, from Debtor's insurers, who are not protected by the Code. Movant will waive any claims it has against the subject bankruptcy estate.

DATED this 31st day of August, 2012.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
VALERIE L. DEL GROSSO, ESQ.
Nevada Bar No. 11103
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorneys for Movant
PN II, INC. dba PULTE HOMES OF NEVADA

149818_1