JASON W. WILLIAMS, ESQ.
Nevada Bar No. 8310
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
jason.williams@knchlaw.com
Phone: (702) 853-5500
Fax: (702) 853-5599
Attorneys for Movant,
DEL WEBB COMMUNITIES, INC.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO: 09-33776-bam |
| EXECUTIVE PLASTERING, INC., | CHAPTER: 7 |
| Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing Date: October 16, 2012<br>Hearing Time: 1:30 p.m. |

**COMES NOW** Movant DEL WEBB COMMUNITIES, INC. (hereinafter "Movant") by and through their attorneys, KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and respectfully moves this Honorable Court, for an Order lifting the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d). Movant seeks relief from the automatic stay so it may proceed only against the available insurance assets of Debtor, Executive Plastering, Inc. (hereinafter "Debtor.") If the requested relief is granted, Movant would waive any claims it has against the subject bankruptcy estate.

///

///

///

1  This Motion is based upon the attached Memorandum of Points and Authorities, the
2  pleadings and papers on file and such other and further evidence as may be offered at the time
3  of the hearing of this Motion.
4  DATED this 11th day of September, 2012.

KOELLER NEBEKER CARLSON &
HALUCK, LLP

By: /s/
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth Street, Suite 500
Las Vegas, Nevada 89101
Attorneys for Movant,
DEL WEBB COMMUNITIES, INC.

## I.  STATEMENT OF FACTS

On or about September 28, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Nevada Bankruptcy Court case No. 09-33776-bam. Movant is a creditor of Debtor and, therefore, qualifies as a party in interest in this case. Movant seeks to proceed against available insurance assets of Debtor in the following construction defect matters.

### A. Del Webb Communities, Inc.

Debtor executed subcontracts with Movant to perform work at various communities in Clark County, Nevada. Debtor's scope of work as a contractor is implicated in the below construction defect matters.

    i.    *Stephen and Patricia Ballweber et al. v. Del Webb Communities, Inc.*, Clark County District Court Case No. A647881

On or about July 16, 2010, Plaintiffs Stephen and Patricia Ballweber served Movant with a purported Notice of Constructional Defects pursuant to NRS 40.645. The Notice alleges defects within their single family home located at 2736 Cherrydale Falls Drive in Henderson,

Nevada in the Sun City Anthem community. Plaintiffs' claims went through the pre-litigation process and were unresolved. Plaintiffs filed a Complaint against Movant on September 6, 2011. On January 25, 2012, Movant filed its Answer to Plaintiffs' Complaint.

On February 6, 2012 Movant filed its Third-Party Complaint against the implicated subcontractors, including Executive Plastering, Inc., for express indemnity, equitable indemnity, breach of contract, breach of express warranty, breach of implied warranty, contribution, and declaratory relief regarding duty to defend, indemnify and name Movant as an additional insured. On January 23, 2012, Plaintiffs filed their First Amended Complaint, naming an additional fifteen (15) homeowners as Plaintiffs. Movant filed its Answer to Plaintiffs' First Amended Complaint on February 6, 2012. On July 23, 2012, Movant filed its First Amended Third-Party Complaint naming an additional five (5) subcontractors as Third-Party Defendants.

Movant seeks recovery from Debtor for indemnification and payment of the total amount of any judgment rendered against Movant based upon Plaintiffs' First Amended Complaint, together with Movant's attorneys' fees, expenses and costs incurred in defending the *Ballweber* litigation. Additionally, Movant seeks recovery for any and all attorneys' fees, experts' fees, costs and discovery expenses incurred by Movant in its pursuit of its Amended Third-Party Complaint.

  ii. *Stephen and Patricia Ballweber et al. v. Del Webb Communities, Inc.*, Clark County District Court Case No. A658216

On or about July 16, 2010, Plaintiffs Stephen and Patricia Ballweber served Movant with a purported Notice of Construction Defects pursuant to NRS 40.645. The Notice alleges defects within their single family home located at 2849 Hardwick Pines Drive in Henderson, Nevada in the Sun City Anthem community. Plaintiffs filed a Complaint against Movant on March 14, 2012. The Chapter 40 Notice and Complaint implicate the work of Debtor. Therefore, the participation of Debtor is imperative to the disposition of this case. Movant intends to proceed against Debtor's insurance only. Relief from the automatic stay is necessary to proceed in this matter.

### B. Debtor's Contractual Duties to Insure, Defend and Indemnify

Movant's claims against Debtor in the above matters stem from subcontracts entered into between Movant and Debtor whereby Debtor agreed to provide materials and labor at the Sun City Anthem development. Pursuant to those subcontracts, Debtor agreed to obtain general liability insurance. The subcontracts also provide that Debtor was to name Movant as an additional-insured on its general liability policies. Pursuant to the subcontracts, Debtor agreed to defend and indemnify Movant for all claims directly or indirectly caused by Debtor's negligent or intentional act or omission in Debtor's performance of the work described in the subcontracts between Debtor and Movant.

In seeking relief from the automatic stay, Movant seeks to pursue its claims against Debtor and recover only from the proceeds of Debtor's policies of commercial general liability insurance. In the event that such policies are exhausted, Movant would not seek to recover from Debtor directly, or from assets of the bankruptcy estate. Movant's recovery against Debtor would be limited to the available coverage under those policies, and Movant would waive its right to seek recovery from this Court for any further unsecured claim or deficiency judgment resulting from the matters described above. Movant would waive any claims against Debtor and the estate following liquidation and closure of Debtor's bankruptcy case. Movant would also waive its claims, if any, to any deductible or payment of any self-insured retention under the applicable policies.

### II. RELIEF REQUESTED

#### A. *Legal Standard Under 11 U.S.C. §362(d)(1)*

Movant seeks relief from the automatic stay in order to proceed with its claims against Debtor in the above matters. Lifting the stay will allow the Debtor to participate in these matters, and permit the District Court to bring resolution to those cases as efficiently as possible.

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

> (1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one" as the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). *In re Smith*, 389 B.R. 902, 918 (Bkrtcy.D.Nev.2008); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established a prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. §362 (g)(2); *In re Sonnax*, 907 F.2d 1280, 1285 (2nd Cir.1990); *In re Duvar Apt.*, 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. §541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay. *In re Petit*, 217 F.3d 1072, 1075 (9th Cir. 2000.) If it can be shown that the debtor does not have equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. *In re Collins*, 199 B.R. 561, (Bankr W.D.Pa. 1996); 11 U.S.C. §362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "…the personal liability of the debtor…" 11 U.S.C. §524(a)(1). "Accordingly, the statutory language on its face, does not preclude the determination of the debtor's liability upon which the damages would be owned to another party, such as the debtor's liability insurance." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.

*Id.*, (Internal citation omitted.) Accordingly, the Code does not seek to shield third parties, such as debtor's insurers, from liability. *Id.*

### III.    ARGUMENT

#### A.    *There is Just Cause for Granting Movant Relief from the Stay*

There are twelve non-exclusive factors that should be weighed in determining whether to lift an automatic stay to permit pending litigation in another forum. *In re Smith*, 389 B.R. 902, 918-919 (Bkrtcy. D. Nev. 2008). Those factors, and Movant's analysis of each, are as follows:

(1)    <u>Whether the relief would result in a partial or complete resolution of the issues (*Id.*)</u>;

If Movant is granted relief from stay for the purposes of establishing Debtor's liability in the above matters, it will be able to resolve all its claims for indemnification and contribution against Debtor in those matters.

(2)    <u>The lack of any connection with or interference with the bankruptcy case (*Id.*)</u>;

There is no connection between the above matters and Debtor's bankruptcy case, nor will the pursuit of the Debtor in this matter interfere with the bankruptcy case.

(3)    <u>Whether the other proceeding involves the debtor as a fiduciary *(Id.)*</u>;

The Debtor is not a fiduciary in the above matters;

(4)    <u>Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (*Id.*)</u>;

A specialized tribunal is not required to hear the above matters. These matters are underway in Department XIX and Department XVI of Clark County District Court. These are two of the three judicial departments which hear construction defect matters, and have established policies and protocols for doing so.

(5)    <u>Whether the debtor's insurer has assumed full responsibility for defending it *(Id.)*</u>;

Debtor's insurance carriers are currently investigating the claims and have not yet assumed full responsibility for the defense of Debtor in the above matters.

 (6) <u>Whether the action primarily involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question *(Id.)*</u>;

The above matters involve subcontractors, such as the Debtor, who obtained insurance policies which name Movant as an additional insured. Accordingly, the Debtor, as an insured, would function only as a conduit for the insurance proceeds from those policies. Movant would not pursue Debtor personally or assets of its bankruptcy estate.

 (7) <u>Whether litigation in another forum would prejudice the interest of the other creditors or other interested parties *(Id.)*</u>;

Movant's pursuit of claims against Debtor in the above matters will not prejudice the interest of other creditors in this bankruptcy, because Debtor's commercial general liability policies in question names Movant as an additional insured.

 (8) <u>Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c) *(Id.)*</u>;

Any judgments arising from the above matters are not subject to equitable subordination under Section 510(c).

 (9) <u>Whether movants' success in other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) *(Id.)*</u>;

This factor is inapplicable for the above matters.

 (10) <u>The interests of judicial economy and the expeditious and economical resolution of litigation *(Id.)*</u>;

Lifting the automatic stay will serve the interests of judicial economy and the expeditious and economical determination of litigation by allowing Movant to negotiate settlements of all claims against Debtor with Debtor's insurance carriers.

 (11) <u>Whether the parties are ready for trial in the other proceedings *(Id.)*</u>; and

The above matters have not been set for trial.

 (12) <u>Impact of the stay on the parties and the balance of harms *(Id.)*</u>.

Denial of the requested relief would severely prejudice Movant in its pursuit of its claims in the above matters.

An examination of the factors above yields the conclusion that just cause exists for lifting the automatic stay. If the stay is not lifted, precluding Movant from establishing the Debtor's liability in the above matters, Movant will be deprived of any recovery from Debtor's implicated insurers. Bankruptcy courts have held that "…the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer." *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D.Va. 1986).

The determination of Debtor's liability in the above matters will not prejudice Debtor, as its property is not subject to risk. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). The pursuit of these lawsuits will only affect the assets and liability of Debtor's implicated insurers, and will not affect the Debtor personally. *In re White*, 73 B.R. 983, 985 (Bankr.D. Col. 1987).

There is cause to grant relief from the stay to allow Movant to pursue Debtor's insurance proceeds in these cases. Should relief be granted, Movant will proceed with its actions against Debtor and its insurance carriers.

Movant will not seek to enforce any judgment against Debtor or the Debtor's bankruptcy estate. Debtor's insurance carriers are not protected by the Bankruptcy Code. Furthermore, 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are subject to liability on behalf of the debtor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). Accordingly, the Court should grant Movant relief from the automatic stay and permit it to pursue its claims against Debtor.

D. **Debtor's Commercial General Liability Insurance Should Not be Included in the Bankruptcy Estate**

Movant seeks relief from the stay in order to pursue its claims against Debtor for the limited purpose of establishing Debtor's liability in the above matters, so that it may recover from the Debtor's policies of commercial general liability insurance. Movant maintains that the insurance policies in question are not subject to the stay. While Debtor maintains a possessory interest in the applicable insurance policies, it does not have an equitable interest in

those policies. Any proceeds from those policies would not benefit the Debtor in reorganization, as this is a Chapter 7 bankruptcy case. *In re 48th Street Steakhouse, Inc.,* 835 F.2d 427, 430 (2nd Cir.1987).

The proceeds of Debtor's commercial general liability policies cannot be used by the Debtor except to satisfy claims covered by those policies. The Debtor does not accumulate equity in such policies. Accordingly, the policies at issue here should not be subject to the automatic stay and should not be included in the bankruptcy estate. Additionally, the Debtor will not be prejudiced by exposure to liability in this matter because "[t]he Debtor and his property are not subject to any risk, and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life." *In re Jet Florida Systems, Inc.,* 883 F.2d 970, 974 (11th Cir. 1989) *(internal citations omitted.)*

Movant's pursuit of its claims against Debtor will not affect property of the estate or in any way cause an impact to the Debtor's economic future. Therefore, Movant requests this Court grant its present Motion for Relief from Stay.

## IV.    CONCLUSION

Movant respectfully requests this Court grant it relief from the automatic stay so that it may pursue its claims against Debtor for the limited purpose of establishing Debtor's liability in above-discussed matters.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  This relief will not affect the Debtor or the bankruptcy estate directly, and Movant will only seek recovery through Debtor's general liability policies of insurance which are not part of the bankruptcy estate, from Debtor's insurers, who are not protected by the Code. Movant will waive any claims it has against the subject bankruptcy estate.

DATED this 11th day of September, 2012.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorney for Movant,
DEL WEBB COMMUNITIES, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2012, I caused to be served a true and correct copy of the foregoing **MOTION FOR RELIEF FROM AUTOMATIC STAY**, by mail using the United States Postal Service with first class postage prepaid thereon in a sealed envelope addressed to the following:

William A. Leonard
Chapter 7 Trustee
6625 South Valley View, #224
Las Vegas, Nevada 89118

Executive Plastering
220 Commerce Park Ct.
No. Las Vegas, Nevada 89032

Andrew E. Smith, Esq.
7881 W. Charleston Blvd., #210
Las Vegas, Nevada

Adam P. Bowler, Esq.
Timothy Cory & Associates
8831 West Sahara Avenue
Las Vegas, Nevada 89117

_/s/ [signature]_
An Employee of Koeller Nebeker Carlson & Haluck LLP