RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 S. Fourth St., Suite 500
Las Vegas, NV  89101
richard.young@knchlaw.com
cassandra.cummings@knchlaw.com
Phone:  (702) 853-5500
Fax:   (702) 853-5599
Attorneys for Movants,
DEL WEBB COMMUNITIES, INC.,
PN II, INC. d/b/a PULTE HOMES OF NEVADA and
PULTE BUILDING SYSTEMS, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: | CASE NO: 09-33776-bam |
| EXECUTIVE PLASTERING, INC., | CHAPTER: 7 |
| Debtor. | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Hearing Date:<br>Hearing Time: |

**COMES NOW** Movants DEL WEBB COMMUNITIES, INC., PN II, INC. d/b/a PULTE HOMES OF NEVADA and PULTE BUILDING SYSTEMS (hereinafter "Movants") by and through their attorneys, KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and respectfully move this Honorable Court, for an Order lifting the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d).  Movants seek relief from the automatic stay so they may proceed only against the available insurance assets of Executive Plastering, Inc. (hereinafter "Debtor").  If the requested relief is granted, Movants would waive any claims they have against the subject bankruptcy estate.

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file and such other and further evidence as may be offered at the time of the hearing of this Motion.

DATED this ⁶ᵗʰ day of November, 2012.

KOELLER NEBEKER CARLSON & HALUCK, LLP

By: _____
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth Street, Suite 500
Las Vegas, Nevada 89101
Attorney for Movants,
DEL WEBB COMMUNITIES, INC.,
PN II, INC. d/b/a PULTE HOMES OF NEVADA and PULTE BUILDING SYSTEMS, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

On or about September 28, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Nevada Bankruptcy Court Case No. 09-33776-bam. Movants are creditors of Debtor and, therefore, qualify as parties in interest in this case. Movants seek to proceed against available insurance assets of Debtor in the following construction defect matter. Movants do not seek to proceed against assets of the bankruptcy estate.

**A.   Matter**

i. *Solera at Anthem Community Association, Inc. et al. v. Del Webb Communities, Inc. et al.*, Clark County District Court Case No. A647719

A Notice of Chapter 40 Defects was received by Del Webb Communities, Inc. on or around November 24, 2010, alleging various construction defects at the Solera at Anthem

community in Henderson, Nevada. Claimant filed a Complaint in Clark County District Court alleging the same on September 1, 2011. The Chapter 40 Notice and Complaint received by Movants implicate the work of Debtor. Therefore, the participation of Debtor is imperative to the disposition of this case. Movants intend to proceed against Debtor's insurance only. Relief from the automatic stay is necessary to proceed in this matter.

### B. Debtor's Contractual Duties to Insure, Defend and Indemnify

Movants' claims against Debtor in this matter stems from subcontracts entered into between Movants and Debtor whereby Debtor agreed to provide materials and labor at the Solera at Anthem community. Pursuant to those subcontracts, Debtor agreed to obtain general liability insurance. The subcontracts also provide that Debtor was to name Movants as an additional-insured on its general liability policies. Pursuant to the subcontracts, Debtor agreed to defend and indemnify Movants for all claims directly or indirectly caused by Debtor's negligent or intentional act or omission in Debtor's performance of the work described in the subcontracts between Debtor and Movants.

In seeking relief from the automatic stay, Movants seek to pursue their claims against Debtor and recover only from the proceeds of Debtor's policies of commercial general liability insurance. In the event that such policies are exhausted, Movants would not seek to recover from Debtor directly, or from assets of the bankruptcy estate. Movants' recovery against Debtor would be limited to the available coverage under those policies, and Movants would waive their right to seek recovery from this Court for any further unsecured claim or deficiency judgment resulting from the matter described above. Movants would waive any claims against Debtor and the estate following liquidation and closure of Debtor's bankruptcy case. Movants would also waive their claims, if any, to any deductible or payment of any self-insured retention under the applicable policies.

///

///

///

## II.    RELIEF REQUESTED

### A.    Legal Standard Under 11 U.S.C. §362(d)(1)

Movants seek relief from the automatic stay in order to proceed with their claims against Debtor in the above matter. Lifting the stay will allow the Debtor to participate in this matter and permit the District Court to bring resolution to that case as efficiently as possible.

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) *for cause*, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one" as the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). *In re Smith*, 389 B.R. 902, 918 (Bkrtcy. D. Nev. 2008); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established a prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. §362 (g)(2); *In re Sonnax*, 907 F.2d 1280, 1285 (2nd Cir.1990); *In re Duvar Apt.*, 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. §541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay. *In re Petit*, 217 F.3d 1072, 1075 (9th Cir. 2000.) If it can be shown that the debtor does not have equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. *In re Collins*, 199 B.R. 561, (Bankr W.D.Pa. 1996); 11 U.S.C. §362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "…the personal liability of the debtor…" 11 U.S.C. §524(a)(1). "Accordingly, the statutory language on its face, does not preclude the determination of the debtor's liability upon which the

damages would be owed to another party, such as the debtor's liability insurance." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.

*Id.* (Internal citation omitted.) Accordingly, the Code does not seek to shield third parties, such as debtor's insurers, from liability. *Id.*

### III.    ARGUMENT

#### A.    There is Just Cause for Granting Movants Relief from the Stay

There are twelve non-exclusive factors that should be weighed in determining whether to lift an automatic stay to permit pending litigation in another forum. *In re Smith*, 389 B.R. 902, 918-919 (Bkrtcy. D. Nev. 2008). Those factors, and Movants' analysis of each, are as follows:

(1)    Whether the relief would result in a partial or complete resolution of the issues (*Id.*);

If Movants are granted relief from stay for the purposes of establishing Debtor's liability in the foregoing matter, they will be able to resolve all of their claims for indemnification and contribution against Debtor therein.

(2)    The lack of any connection with or interference with the bankruptcy case (*Id.*);

There is no connection between the above matter and Debtor's bankruptcy case, nor will the pursuit of the Debtor in this matter interfere with the bankruptcy case.

(3)    Whether the other proceeding involves the debtor as a fiduciary (*Id.*);

The Debtor is not a fiduciary in the above matter.

///

///

(4) Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action *(Id.)*;

A specialized tribunal is not required to hear the above matter. This matter is currently underway in Department XVI in Clark County District Court. This is a judicial department which hears construction defect matters and has established policies and protocols for doing so.

(5) Whether the debtor's insurer has assumed full responsibility for defending it *(Id.)*;

Debtor's insurance carriers were recently put on notice of claims related to this matter, are investigating the claims and have not yet assumed full responsibility for the defense of Debtor in the above matter.

(6) Whether the action primarily involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question *(Id.)*;

The above matter involves subcontractors, such as the Debtor, who obtained insurance policies which name Movants as additional insureds. Accordingly, the Debtor, as an insured, would function only as a conduit for the insurance proceeds from those policies. Movants would not pursue Debtor personally or assets of its bankruptcy estate.

(7) Whether litigation in another forum would prejudice the interest of the other creditors or other interested parties *(Id.)*;

Movants' pursuit of claims against Debtor in the above matter will not prejudice the interest of other creditors in this bankruptcy, because Debtor's commercial general liability policies in question name Movants as an additional insured.

(8) Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c) *(Id.)*;

Any judgments arising from the above matter is not subject to equitable subordination under Section 510(c).

(9) Whether movants' success in other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) *(Id.)*;

This factor is inapplicable for the above matter.

(10)  The interests of judicial economy and the expeditious and economical resolution of litigation *(Id.)*;

Lifting the automatic stay will serve the interests of judicial economy and the expeditious and economical determination of litigation by allowing Movants to negotiate settlements of all claims against Debtor with Debtor's insurance carriers.

(11)  Whether the parties are ready for trial in the other proceedings *(Id.)*; and

No trial date has been set for the above matter.

(12)  Impact of the stay on the parties and the balance of harms *(Id.)*.

Denial of the requested relief would severely prejudice Movants in their pursuit of their claims in the above matter.

An examination of the factors above yields the conclusion that just cause exists for lifting the automatic stay. If the stay is not lifted, precluding Movants from establishing the Debtor's liability in the above matter, Movants will be deprived of any recovery from Debtor's implicated insurers. Bankruptcy courts have held that "…the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer." *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D. Va. 1986).

The determination of Debtor's liability in the above matter will not prejudice Debtor, as its property is not subject to risk. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). The pursuit of this lawsuit will only affect the assets and liability of Debtor's implicated insurers, and will not affect the Debtor personally. *In re White*, 73 B.R. 983, 985 (Bankr. D. Col. 1987).

There is cause to grant relief from the stay to allow Movants to pursue Debtor's insurance proceeds in this case. Should relief be granted, Movants will proceed with their actions against Debtor and its insurance carriers.

Movants will not seek to enforce any judgment against Debtor or the Debtor's bankruptcy estate. Debtor's insurance carriers are not protected by the Bankruptcy Code. Furthermore, 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are

subject to liability on behalf of the debtor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). Accordingly, the Court should grant Movants relief from the automatic stay and permit them to pursue their claims against Debtor.

### D. Debtor's Commercial General Liability Insurance Should Not be Included in the Bankruptcy Estate

Movants seek relief from the stay in order to pursue their claims against Debtor for the limited purpose of establishing Debtor's liability in the above matter, so that they may recover from the Debtor's policies of commercial general liability insurance. Movants maintain that the insurance policies in question are not subject to the stay. While Debtor maintains a possessory interest in the applicable insurance policies, it does not have an equitable interest in those policies. Any proceeds from those policies would not benefit the Debtor in reorganization, as this is a Chapter 7 bankruptcy case. *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 430 (2nd Cir. 1987).

The proceeds of Debtor's commercial general liability policies cannot be used by the Debtor except to satisfy claims covered by those policies. The Debtor does not accumulate equity in such policies. Accordingly, the policies at issue here should not be subject to the automatic stay and should not be included in the bankruptcy estate. Additionally, the Debtor will not be prejudiced by exposure to liability in this matter because "[t]he Debtor and his property are not subject to any risk and maintenance of the suit does not frustrate the policy of the Bankruptcy Code in giving the Debtor a fresh start in his economic life." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989) *(internal citations omitted.)*

Movants' pursuit of their claims against Debtor will not affect property of the estate or in any way cause an impact to the Debtor's economic future. Therefore, Movants request this Court grant their present Motion for Relief from Stay.

### IV. CONCLUSION

Movants respectfully request this Court grant them relief from the automatic stay so that they may pursue their claims against Debtor for the limited purpose of establishing Debtor's liability in the following matter:

1) *Solera at Anthem Community Association, Inc. et al. v. Del Webb Communities, Inc. et al.*, Clark County District Court Case No. A647719

This relief will not affect the Debtor or the bankruptcy estate directly. Movants will only seek recovery through Debtor's general liability policies of insurance, which are not part of the bankruptcy estate, from Debtor's insurers, who are not protected by the Code. Movants will waive any claims they have against the subject bankruptcy estate.

**DATED** this ___ day of November, 2012.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorney for Movants,
DEL WEBB COMMUNITIES, INC.,
PN II, INC. d/b/a PULTE HOMES OF NEVADA and PULTE BUILDING SYSTEMS, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 5, 2012, I caused to be served a true and correct copy of the foregoing **MOTION FOR RELIEF FROM AUTOMATIC STAY**, by mail using the United States Postal Service with first class postage prepaid thereon in a sealed envelope addressed to the following:

William A. Leonard
Chapter 7 Trustee
6625 South Valley View, #224
Las Vegas, Nevada 89118

Executive Plastering
220 Commerce Park Ct.
No. Las Vegas, Nevada 89032

U.S. Trustee—LV-7
300 S. Las Vegas Blvd. S., Ste. 4300
Las Vegas, Nevada 89101

Timothy S. Cory, Esq.
Durham, Jones & Pinegar
10785 W. Twain, Ste. 200
Las Vegas, Nevada 89135

/s/ *[signature]*
An Employee of Koeller Nebeker Carlson & Haluck LLP

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | RICHARD D. YOUNG, ESQ. |
| 9 | Nevada Bar No. 11331 |
|   | CASSANDRA S. CUMMINGS, ESQ. |
| 10 | Nevada Bar No. 11944 |
|   | KOELLER NEBEKER CARLSON |
| 11 | & HALUCK LLP |
|   | 300 South Fourth Street, Suite 500 |
| 12 | Las Vegas, NV 89101 |
| 13 | richard.young@knchlaw.com |
|   | cassandra.cummings@knchlaw.com |
| 14 | Phone: (702) 853-5500 |
|   | Fax: (702) 853-5599 |
| 15 | Attorneys for Movants, |
|   | DEL WEBB COMMUNITIES, INC., |
| 16 | PN II, INC. d/b/a PULTE HOMES OF NEVADA and |
| 17 | PULTE BUILDING SYSTEMS, LLC |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

IN RE:                                         ) CASE NO: 09-33776-bam
                                               ) CHAPTER 7
EXECUTIVE PLASTERING, INC.                     )
                                               )
                                               ) Date:
                    Debtor.                    ) Time:
_____)

**ORDER GRANTING MOTION FOR RELIEF**
**FROM AUTOMATIC STAY**

Movants', Del Webb Communities, Inc., PN II d/b/a Pulte Homes of Nevada and Pulte Building Systems, LLC (hereinafter "Movants") Motion for Relief from Automatic Stay as to

1  Executive Plastering, Inc. (hereinafter "the Motion") for an order, pursuant to 11 U.S.C. 362(d)
2  of the Bankruptcy Code, having come on for hearing before the Bankruptcy Court on the ___
3  day of November, 2012, and the Court having reviewed the Motion; the points and authorities
4  in support, and the pleadings and papers on file; appearances having been noted on the record;
5  arguments made by counsel; and with the findings of the Court having been made on the record
6  and incorporated herein;

7  And notice of the Motion having been provided to the Office of the United States
8  Trustee for the District of Nevada and other interested parties;

9  And it appearing that no other or further notice of the Motion need be provided;

10  And good and sufficient cause appearing therefor;

11  **IT IS HEREBY ORDERED** that the Motion to allow Movants to proceed against the
12  Debtor and its insurance carriers for the purpose of establishing liability against Debtor is
13  GRANTED as to the following case:

14  1.  *Solera at Anthem Community Association, Inc. et al. v. Del Webb Communities, Inc. et al.*, Clark County District Court Case No. A647719

15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

156430_1

**IT IS FURTHER ORDERED** that Movants will pursue Debtor's insurance proceeds only and will waive any claims Movants may have against the bankruptcy estate.

DATED this ___ day of November, 2012.

Respectfully submitted by:

KOELLER NEBEKER CARLSON & HALUCK, LLP

_____
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Attorney for Movants,
DEL WEBB COMMUNITIES, INC.,
PN II d/b/a PULTE HOMES OF NEVADA and PULTE BUILDING SYSTEMS, LLC

156430_1

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

\_\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_\_ No party appeared at the hearing or filed an objection to the motion.

\_\_\_\_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

\_\_\_\_ I certify that this is a case under Chapter 7, or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 South Fourth Street, Suite 500
Las Vegas, NV 89101
Attorney for Movants,
DEL WEBB COMMUNITIES, INC.,
PN II d/b/a PULTE HOMES OF
NEVADA and PULTE BUILDING
SYSTEMS, LLC

156430_1