RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
KOELLER NEBEKER CARLSON & HALUCK, LLP
300 S. Fourth St., Suite 500
Las Vegas, NV  89101
richard.young@knchlaw.com
Phone:  (702) 853-5500
Fax:   (702) 853-5599
Attorneys for Movants, DEL WEBB COMMUNITIES, INC., PN II, INC., and PN II, INC. dba PULTE HOMES OF NEVADA

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: )<br>    EXECUTIVE PLASTERING, INC. )<br>)<br>)<br>    Debtor. )<br>)<br>)<br>_____ ) | CASE NO:  09-33776-btb<br>CHAPTER  7<br><br>**MOTION FOR RELIEF FROM STAY**<br><br>Hearing Date: 12/17/2013<br>Hearing Time: 3:00 p.m. |

**COME NOW** DEL WEBB COMMUNITIES, INC. (hereinafter "DEL WEBB"), PN II, INC., and PN II, INC. dba PULTE HOMES OF NEVADA (hereinafter "PULTE"), (also collectively referred to as "Movants") by and through their attorneys, KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and respectfully move this Honorable Court for an Order lifting the automatic bankruptcy stay pursuant to 11 U.S.C. § 362(d).  Movants seek relief from the automatic stay so that they may proceed only against the available insurance assets of debtor Executive Plastering, Inc. (hereinafter "Debtor").  If the requested relief is granted, Movants would waive any claims they have against the subject bankruptcy estate.

///

///

///

///

This Motion is based upon the attached Memorandum of Points and Authorities, the pleadings and papers on file and such other and further evidence as may be offered at the time of the hearing of this Motion.

DATED this ___ day of November, 2013.

        KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorneys for Movants
DEL WEBB COMMUNITIES, INC, PN II, INC., and PN II, INC. dba PULTE HOMES OF NEVADA, PULTE BUILDING SYSTEMS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

On or about September 28, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Case No. 09-33776-bam. Due to the Petition for Bankruptcy, there is an automatic stay in place. Movants are creditors of Debtor and therefore qualify as parties in interest in this case. Movants seek to proceed against available insurance assets only of Debtor in the following construction defect matters. Movants do not seek to proceed against any assets of the bankruptcy estate.

A. **MATTERS**

   i. *Atkins v. Del Webb Communities, Inc. & PN II, Inc.*; Pre-Litigation

This matter involves claims of construction defects against Del Webb and PN II, Inc. related to approximately seven-hundred fifty (750) single family homes located in the Sun City Aliante development in North Las Vegas, Nevada. Claimants have alleged various defects and damages, including stucco and plastering related issues, that fall within Debtor's scope of work. At this time this matter is moving through the Nevada Revised Statutes ("NRS") 40.640, *et seq.*

(hereinafter "Chapter 40"), pre-litigation process. Accordingly, a Complaint has not yet been filed. Movants anticipate a complaint will eventually be filed and Movants will in turn file a third-party complaint in which Debtor will be named as a third-party defendant. Relief from the automatic stay is necessary to proceed in this matter.

      ii. *Jurich, et al. v. PN II, Inc. dba Pulte Homes of Nevada*, Clark County District Court Case No. A672734

This action arises from Notices of Construction Defects served on Pulte pursuant to NRS 40.645 alleging construction deficiencies with respect to approximately ninety-four (94) residences in the Stallion Mountain community in Las Vegas, Nevada. Plaintiffs filed their original Complaint in this matter on November 29, 2012. Plaintiffs' operative First Amended Complaint was filed on September 19, 2013. Pulte filed the operative First Amended Third-Party Complaint naming various subcontractors as Third-Party Defendants, including Debtor. The Chapter 40 Notices and operative First Amended Complaint received by Pulte implicate the work of Debtor. Therefore, the participation of Debtor is imperative to the disposition of this case. Pulte intends to proceed against Debtor's insurance only. Relief from the automatic stay is necessary to proceed in this matter.

      iii. *Madeira Canyon v. PN II, Inc. dba Pulte Homes of Nevada;* Pre-Litigation

This action arises from Notices of Construction Defects served on Pulte pursuant to NRS 40.645 alleging construction defects with respect to approximately forty-two (42) single family homes in the Madeira Canyon community in Henderson, Nevada. Claimants have alleged various defects and damages, including stucco and plastering related issues, that fall within Debtor's scope of work. At this time this matter is moving through the Chapter 40 pre-litigation process. Accordingly, a Complaint has not yet been filed. Movants anticipate a complaint will eventually be filed and Movants will in turn file a third-party complaint in which Debtor will be named as a third-party defendant. Relief from the automatic stay is necessary to proceed in this matter.

iv. *Roy & Mary Wing v. Del Webb Communities, Inc. & PN II, Inc.*, Clark County District Court Case No. A683600

This case arises out of allegations of construction defects at a single-family home in the Sun City Anthem development in Henderson, Nevada. Plaintiffs filed the operative Complaint on June 14, 2013. The Complaint filed by Plaintiffs includes allegations related to stucco and plaster thereby implicating Debtor's work on the subject residence. Accordingly, Del Webb filed a Third-Party Complaint on July 10, 2013 naming Debtor, among others, as a Third-Party Defendant. Therefore, the participation of Debtor is imperative to the disposition of this case. Del Webb intends to proceed against Debtor's insurance only. Relief from the automatic stay is necessary to proceed in this matter.

Additionally, Movants further request that any Order granting this Motion for Relief from Automatic Stay apply to additional claims that have not been specifically set forth in this Motion involving claims asserted against Movants for work performed by Debtor. There are numerous individual Nevada Revised Statute 40.600 *et seq.* Claims of Construction Defect involving Debtor, and it is believed that claimants will continue serving Notices of Construction Defect on Movants. It would be efficient and save significant resources if this Court permitted Movants to proceed against Debtor for any additional construction claims that may be initiated without seeking relief for each specific claim. Movants would agree to only pursue Debtor outside of this Court to the extent insurance proceeds are available and would not seek contribution from Debtor's bankruptcy estate other than filing any proofs of claim which may be appropriate, unless and until such time as the bankruptcy stay is lifted in its entirety.

**B. DEBTOR'S CONTRACTUAL DUTIES TO INSURE, DEFEND AND INDEMNIFY**

Movants' claims against Debtor in the above matters stem from subcontracts entered into between Movants and Debtor whereby Debtor agreed to provide materials and labor at the various developments. Pursuant to those subcontracts, Debtor agreed to obtain general liability

insurance. The subcontracts also provide that Debtor was to name Movants as additional-insureds on its general liability policies. Pursuant to the subcontracts, Debtor has agreed to defend and indemnify Movants for all claims directly or indirectly caused by Debtor's negligent or intentional act or omission in Debtor's performance of the work described in the subcontracts between Debtor and Movants.

In seeking relief from the automatic stay, Movants seek to pursue their claims against Debtor and recover only from the proceeds of Debtor's policies of commercial general liability insurance. In the event that such policies are exhausted, Movants would not seek to recover from Debtor directly, or from assets of the bankruptcy estate. Movants' recovery against Debtor would be limited to the available coverage under those policies, and Movants would waive their right to seek recovery from this Court for any further unsecured claim or deficiency judgment resulting from the matters described above.

## II.   RELIEF REQUESTED

### A.   Legal Standard Under 11 U.S.C. §362(d)(1)

Movants seek relief from the automatic stay in order to proceed with their claims against Debtor in the above matters. Lifting the stay will allow the Debtor to participate in these matters, and permit the District Courts to bring resolution to the cases as efficiently as possible.

Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
> **(1)** *for cause*, including the lack of adequate protection of an interest in property of such party in interest…

11 U.S.C. § 362(d) (emphasis added). "The burden of proof on a motion to modify the automatic stay is a shifting one" as the party seeking relief must establish a prima facie case that there exists cause for relief under 11 U.S.C. § 362(d)(1). *In re Smith*, 389 B.R. 902, 918 (Bkrtcy.D.Nev.2008); *In re Duvar Apt., Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). Once the moving party has established a prima facie case, the burden shifts to the debtor to show that relief from the stay is unwarranted. 11 U.S.C. §362 (g)(2); *In re Sonnax,* 907 F.2d 1280, 1285

(2nd Cir.1990); *In re Duvar Apt.*, 205 B.R. at 200.

Section 541(a) of the Code states that the debtor's bankruptcy estate is comprised of property in which the debtor has a legal or equitable interest. 11 U.S.C. §541(a)(1). Where there exists a bona fide dispute as to whether property is part of the bankruptcy estate, the burden is on the creditor to seek a determination from the bankruptcy court as to whether or not such property is subject to the automatic stay. *In re Petit*, 217 F.3d 1072, 1075 (9th Cir. 2000.) If it can be shown that the debtor does not have equity in property claimed to be part of the estate, the bankruptcy court may lift the automatic stay. *In re Collins*, 199 B.R. 561, (Bankr W.D.Pa. 1996); 11 U.S.C. §362(d)(2)(A).

Section 524(a) of the Bankruptcy Code explicitly renders judgments void for "…the personal liability of the debtor…" 11 U.S.C. §524(a)(1). "Accordingly, the statutory language on its face, does not preclude the determination of the debtor's liability upon which the damages would be owned to another party, such as the debtor's liability insurance." *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 973 (11th Cir. 1989).

> The provisions of 524(a) apply only with respect to the personal liability of the debtor. When it is necessary to commence or continue suit against a debtor in order, for example, to establish liability of another, perhaps a surety, such suit would not be barred. Section 524(e) was intended for the benefit of the debtor but was not meant to affect the liability of third parties or to prevent establishing such liability through whatever means required.

*Id.*, (Internal citation omitted.) Accordingly, the Code does not seek to shield third parties, such as debtor's insurers, from liability. *Id.*

### III. ARGUMENT

**A. There is Just Cause for Granting Movants' Relief from the Stay.**

There are twelve non-exclusive factors that should be weighed in determining whether to lift an automatic stay to permit pending litigation in another forum. *In re Smith*, 389 B.R. 902, 918-919 (Bkrtcy. D. Nev. 2008). Those factors, and Movants' analysis of each, are as follows:

/ / /

/ / /

(1) *Whether the relief would result in a partial or complete resolution of the issues (Id.)*

If Movants are granted relief from stay for the purposes of establishing Debtor's liability in the above matters, they will be able to resolve all their claims for indemnification and contribution against Debtor in said matters.

(2) *The lack of any connection with or interference with the bankruptcy case (Id.)*

There is no connection between the above matters and Debtor's bankruptcy case, nor will the pursuit of the Debtor in these matters interfere with the bankruptcy case.

(3) *Whether the other proceeding involves the debtor as a fiduciary (Id.)*

The Debtor is not a fiduciary in the above matters.

(4) *Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action (Id.)*

A specialized tribunal is not required to hear the above matters. These matters are underway in Departments 16 and 22 of Clark County District Court. These are two of the departments which hear construction defect matters, and have established policies and protocols for doing so.

(5) *Whether the debtor's insurer has assumed full responsibility for defending it (Id.)*

Debtor's insurance carriers are currently investigating the claims and have not yet assumed full responsibility for the defense of Debtor in the above matters.

(6) *Whether the action primarily involves third parties and the debtor functions only as a bailee or conduit for the goods or proceeds in question (Id.)*

The above matters involve subcontractors, such as the Debtor, who obtained insurance policies which name Movants as additional insureds. Accordingly, the Debtor, as an insured, would function only as a conduit for the insurance proceeds from those policies. Movants would not pursue Debtor personally or assets of its bankruptcy estate.

(7) *Whether litigation in another forum would prejudice the interest of the other creditors or other interested parties (Id.)*

Movants' pursuit of claims against Debtor in the above matters will not prejudice the interest of other creditors in this bankruptcy, because Debtor's commercial general liability policies in question name Movants as an additional insureds.

(8) *Whether the judgment claim arising from the other action is subject to equitable subordination under Section 510(c) (Id.)*

Any judgments arising from the above matters are not subject to equitable subordination under Section 510(c).

(9) *Whether movants' success in other proceeding would result in a judicial lien avoidable by the debtor under Section 522(f) (Id.)*

This factor is inapplicable for the above matters.

(10) *The interests of judicial economy and the expeditious and economical resolution of litigation (Id.)*

Lifting the automatic stay will serve the interests of judicial economy and the expeditious and economical determination of litigation by allowing Movants to negotiate settlements of all claims against Debtor with Debtor's insurance carriers;

(11) *Whether the parties are ready for trial in the other proceedings (Id.)*

None of the aforementioned cases are set for trial.

(12) *Impact of the stay on the parties and the balance of harms (Id.)*

Denial of the requested relief would severely prejudice Movants in their pursuit of their claims in the above matters.

An examination of the factors above yields the conclusion that just cause exists for lifting the automatic stay. If the stay is not lifted precluding Movants from establishing the Debtor's liability in the above matters, Movants will be deprived of any recovery from Debtor's implicated insurers. Bankruptcy courts have held that "…the goals of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor

in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer." *In re Mann*, 58 B.R. 953, 958 (Bankr. W.D.Va. 1986).

The determination of Debtor's liability in the above matters will not prejudice Debtor, as its property is not subject to risk. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). The pursuit of these lawsuits will only affect the assets and liability of Debtor's implicated insurers, and will not affect the Debtor personally. *In re White*, 73 B.R. 983 , 985 (Bankr.D. Col. 1987).

There is cause to grant relief from the stay to allow Movants to pursue Debtor's insurance proceeds in the above cases. Should relief be granted, Movants will proceed with their actions against Debtor and its insurance carriers. Furthermore, in the interest of judicial economy, there is cause to grant relief from stay to allow Movants to pursue Debtor's insurance proceeds in all future matters not specifically identified herein where Debtor's work the claims.

Movants will not seek to enforce any judgment against Debtor or the Debtor's bankruptcy estate. Debtor's insurance carriers are not protected by the Bankruptcy Code. Furthermore, 11 U.S.C. § 524 does not act to shield third parties such as insurers, who are subject to liability on behalf of the debtor. *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 974 (11th Cir. 1989). Accordingly, the Court should grant Movants relief from the automatic stay and permit Movants to pursue its claims against Debtor.

### IV.   CONCLUSION

Movants respectfully request this Court grant them relief from the automatic stay so that they may pursue their claims against Debtor for the limited purpose of establishing Debtor's liability in the above-discussed matters and all future matters not identified herein in which Debtor's work is implicated.

///

///

///

///

///

This relief will not affect the Debtor or the bankruptcy estate directly, and Movants will only seek recovery through Debtor's general liability policies of insurance which are not part of the bankruptcy estate, from Debtor's insurers, who are not protected by the Code.

DATED this 13 day of November, 2013.

KOELLER NEBEKER CARLSON & HALUCK, LLP

BY: _____
RICHARD D. YOUNG, ESQ.
Nevada Bar No. 11331
CASSANDRA S. CUMMINGS, ESQ.
Nevada Bar No. 11944
300 S. Fourth St., Suite 500
Las Vegas, NV 89101
Attorneys for Movants
DEL WEBB COMMUNITIES, INC, PN II, INC., and PN II, INC. dba PULTE HOMES OF NEVADA

**CERTIFICATE OF SERVICE/MAILING**

I hereby certify, under penalty of perjury, that I am an employee of KOELLER, NEBEKER, CARLSON & HALUCK, LLP and caused to be electronically filed on this 13th day of November, 2013, a true and correct copy of MOTION FOR RELIEF FROM STAY with the Clerk of the Court using the CM/ECF system, which will automatically e-serve the same on the attorneys of record.

I hereby also certify that I served a copy of MOTION FOR RELIEF FROM STAY on said 13th day of November, 2013, by depositing a copy of same in the United States Mail, in a postage prepaid envelope, addressed to:

Executive Plastering, Inc.
220 Commerce Park Ct.
No. Ls Vegas, Nevada 89032

US Trustee LV-7
300 South Las Vegas Boulevard, Suite 4300
Las Vegas, Nevada 89101

Executive Plastering
c/o Secretary of State
Las Vegas Satellite Office
555 E. Washington Street, Suite 4000
Las Vegas, NV 89101

TRUSTEE
William A. Leonard
6625 S. Valley View, #224
Las Vegas, NV 89118

ATTORNEY FOR DEBTOR:
David Krieger, Esq.
Hanes & Krieger, LLC
1020 Garces Avenue, Suite 100
Las Vegas, NV 89101

ATTORNEY FOR TRUSTEE
Timothy S. Cory, Esq.
Durham, Jones & Pinegar, P.C.
10785 W. Twain, Suite 200
Las Vegas, NV 89135

_____
Employee of KOELLER, NEBEKER CARLSON & HALUCK, LLP