Scott S. Thomas, Bar No. 7937
Gregory H. King, Bar No. 7777
Chad D. Olsen, Bar No. 12060
PAYNE & FEARS LLP
7251 W. Lake Mead Blvd., Suite 525
Las Vegas, Nevada 89128
Telephone: (702) 851-0300
Facsimile: (702) 851-0315

Attorneys for PN II, Inc.

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>EXECUTIVE PLASTERING, INC.<br><br>Debtor. | Case No. BK-2:09-33776-BTB<br>Chapter 7<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Hearing Date: **May 26, 2015**<br>Hearing Time: **10:00 a.m.** |

Creditor PN II, Inc., dba Pulte Homes and/or Del Webb, ("Movant") hereby moves this Court for an order lifting the automatic bankruptcy stay.

Movant seeks relief from the bankruptcy stay for the limited purpose of liquidating its claims against the Debtor[1] (i.e., allowing the state court to determine liability and damages) and pursuing the recovery of any available insurance proceeds from the Debtor's liability insurers. Movant has no intention of seeking recovery against the Debtor or the bankruptcy estate and, as such, seeks an order from this Court lifting the automatic stay for this limited purpose.

Therefore, Movant proposes that the order lifting the stay against the Debtor in favor of Movant will provide that Movant may enforce any judgment obtained in the state court action *only* against the Debtor's insurance carriers. Pursuant to the proposed order, Movant would be directed

---

[1] "Debtor" refers collectively to Executive Plastering, Inc. and Eagle Plastering dba Sundance Plastering. Upon information and belief, Eagle Plastering dba Sundance Plastering merged with Executive Plastering, Inc. on or about January 1, 2004.

not to enforce any judgment against Debtor's bankruptcy estate.

This Motion is brought pursuant to 11 U.S.C. §362(d), Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Rule 4001. This Motion is based upon and the attached Memorandum of Points and Authorities.

Dated: April 22, 2015         PAYNE & FEARS LLP

By     */s/ Scott S. Thomas*
SCOTT S. THOMAS, Bar No. 7937
GREGORY H. KING, Bar No. 7777
CHAD D. OLSEN, Bar No. 12060
7251 W. Lake Mead Blvd., Suite 525
Las Vegas, Nevada 89128
Tel. (702) 851-0300

Attorneys for PN II, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

On or about December 21, 2009, Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, Nevada Bankruptcy Court Case No. 09-33776-btb. Movant is a creditor of Debtor and, therefore, qualifies as a party in interest in this case.

Movant respectfully requests an order lifting the automatic stay for the limited purpose of liquidating their claims against the Debtor and pursuing the recovery of any available insurance proceeds from the Debtor's liability insurers. Specifically, Movant seeks an order lifting the stay so that it may liquidate claims against the Debtor relating to the Debtor's work performed at the following residential communities located in Clark County, Nevada:

1. Club Aliante
2. Palm Hills/Vistas
3. Crestway Trails
4. Sun City Anthem
5. Club Madeira
6. Solera at Stallion Mountain
7. Tournament at Stallion Mountain
8. Easton Place
9. Anthem Highlands
10. Madeira Canyon
11. Paradiso
12. Miramonte
13. Pavona
14. Salerno
15. Silverstone Ranch
16. Timber Creek

Movant has (and is) repairing damage caused by Debtor's defective workmanship performed at these communities with regards to the installation of eave soffits. Movant believes that Debtor's performance of work and services, and/or providing of materials that were incorporated into these communities, are the causes of the damage. Movant is now moving for relief from the stay, so that it may pursue an indemnity action against the Debtor in Nevada's Eighth Judicial District Court, and then seek recovery from Debtor's liability insurers.

///

///

## II.

## DISCUSSION

### A. THIS COURT MAY GRANT RELIEF FROM THE AUTOMATIC STAY

Upon request of a party in interest and after notice and a hearing, 11 U.S.C. § 362(d)(1) authorizes a bankruptcy court to grant relief from the automatic stay for "cause." The Bankruptcy Code does not define "cause." Thus, courts have held that relief from the stay from cause must be determined on a case by case basis and that such relief is left within the discretion of the bankruptcy court. *In re Castlerock Property*, 781 F.2d 159, 163 (9th Cir. 1986). It is clear, however, that "cause" includes relief to allow litigation involving debtors to proceed in state court under the proper circumstances. *See In re Loudon*, 284 B.R. 106, 108 (B.A.P. 8th Cir. 2002).

Indeed, this Court has already granted similar motions for relief from the stay in this case that were filed by Movant (and other home developers) for the limited purpose of liquidating construction defect claims against the Debtor and then pursuing recovery of available insurance proceeds. (*See, e.g.*, Doc. 153, 166, 198, 264, 325, 331, 340, 462, 473, 489, 493, 502, 503, 516, 542, 562, 568, and 587.)

### B. THE *CURTIS* FACTORS SUPPORT GRANTING MOVANT RELIEF FROM THE STAY TO PROCEED WITH ITS CLAIMS AGAINST DEBTOR

Bankruptcy courts have identified the following twelve, nonexclusive factors (the "*Curtis* factors") as those which a bankruptcy court should weigh in determining whether there exists "cause" to lift an automatic stay to permit litigation to continue in another forum:

1. Whether the relief will result in partial or complete resolution of the issues;
2. The lack of a connection with or interference with the bankruptcy case;
3. Whether the foreign proceeding involves the debtor as a fiduciary;
4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the gods or proceeds in question;
7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under §510(c);
9. Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under §522(f);

  10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
  11. Whether the foreign proceedings have progressed to the point where parties are prepared for trial; and
  12. The impact of the stay on the parties and the "balance of hurt."

*In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984); *see In re Smith*, 389 B.R. 902, 918–19 (Bankr. D. Nev. 2008); *In re Plumerex*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004).

  Not all of these factors are relevant in every case. *Sonnax Industries, Inc. v. Tri Component Corp.*, 907 F.2d 1280, 1286 (2nd Cir. 1990). A court is not required to give each factor equal weight in making its determination. *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994).

  In this case, the *Curtis* factors weigh in favor of lifting the stay. First, a resolution of Movant's claims against Debtor will result in a complete resolution of all the issues that Movant has against the Debtor regarding eave soffits in the above-referenced communities. Second, Movant's indemnity claims will not interfere with the bankruptcy case. *See generally In re Endoscopy Ctr. of S. Nevada, LLC*, 451 B.R. 527, 542 (Bankr. D. Nev. 2011) (liability insurance policy proceeds that are potentially going to be paid to third-parties are generally not property of the estate because the debtor does not have a cognizable interest in the proceeds of the policy). Third, Debtor will not be a fiduciary in Movant's action for indemnity.

  Fourth, Movant's action for indemnity will most likely be before a specialized tribunal. Movant intends to file its action for indemnity in Nevada's Eighth Judicial District Court, which generally assigns construction defect cases to one of three departments that handle construction defect litigation within the district. Further, a special master with extensive experience and expertise in managing construction defect cases is often appointed in construction defect cases.

  As to the fifth and sixth factors, based upon insurance certificates and representations provided to Movant by Debtor at the time of contracting for work on the project, it is Movant's understanding that the Debtor's insurance carriers will assume responsibility for Debtor's defense. Further, as Movant does not intend to recover damages against the Debtor directly, the Debtor, as an insured, functions only as a conduit for the insurance proceeds in question.

  Lastly, factors seven, ten, eleven and twelve weigh in favor of allowing the state court to determine liability and damages, a determination which would otherwise require a trial by the

bankruptcy court. The order lifting the stay as to Movant can ensure that the other creditors of the Debtor's bankruptcy estate are not harmed because Movant's ability to enforce any potential judgment will be limited to liability insurance proceeds. Movant, on the other hand, will suffer substantial harm if it cannot liquidate its claims against the Debtor because it will be unable to recover from Debtor's insurance carriers.

In sum, the *Curtis* factors weigh in favor of lifting the automatic stay in order to allow Movant to liquidate its claims against the Debtor and recover from the Debtor's insurance proceeds. *See In re Mann*, 58 B.R. 953, 958 (Bankr. W.D. Va. 1986) ("[T]he goal of section 524(a) would not be advanced by preventing a plaintiff from maintaining an action against the debtor in order to establish the debtor's liability when that was a prerequisite to recovery from the insurer.").

## III.

## CONCLUSION

For the reasons stated above, Movant respectfully requests that this Honorable Court grant this motion and allow it to proceed against the Debtor to determine liability and damages, with the condition that Movant's collection efforts be restricted to recovery from the Debtor's liability insurers.

Dated: April 22, 2015          PAYNE & FEARS LLP

By     /s/ Scott S. Thomas
SCOTT S. THOMAS, Bar No. 7937
GREGORY H. KING, Bar No. 7777
CHAD D. OLSEN, Bar No. 12060
7251 W. Lake Mead Blvd., Suite 525
Las Vegas, Nevada 89128
Tel. (702) 851-0300

Attorneys for PN II, Inc.

4815-8646-6083.1